## THOMPSON v. DOYAL.

### No. 9701.

Court of Civil Appeals of Texas. Austin.

Feb. 25, 1948.

Rehearing Denied March 17, 1948.

Ghent Sanderford and Wm. Yelderman, both of Austin, for appellant.

Smith and Pollard and Harry S. Pollard, all of Austin, for appellee.

HUGHES, Justice.

The custody of Dorothy Lynn, age six, and Johnny, age eight, was the subject of this suit.

Appellee, A. J. Doyal, is the natural father of the children; appellant, A. A. Thompson, is the maternal grandfather, and was, at the time of the trial a widower.

Appellee married Dorothy Thompson in December 1929. The children were born during this marriage, which was terminated by divorce in 1944. Mrs. Doyal was awarded custody of the children and appellant was ordered to pay $50 per month for the support of the children in the divorce judgment.

In March 1945, Mrs. Doyal married Homer A. Eddy, and in May 1945 appellee remarried.

In August 1945, Homer Eddy, in proceedings instituted in the Criminal District Court of Jefferson County, adopted the Doyal children, and their surname was changed to Eddy. Appellee disclaimed any notice of these proceedings.

On April 2, 1947, Homer Eddy and his wife, the mother of these children, were killed in an automobile collision near New Braunfels, Texas.

Upon application of appellant, he was appointed guardian of the persons and estates of these minors by the Probate Court of Travis County.

It is not necessary for us to pass upon the validity of the divorce, adoption or guardianship proceedings, and for the purpose of this opinion we assume the validity of each.

■ The guardianship proceedings constitute no impediment to the exercise by the District Court of its equity powers in suits involving the custody of minors. 21 Tex.Jur., p. 209; 31 Tex.Jur., p. 1296.

■ No judgment concerning the custody of minor children is permanent in the sense that it may not be modified or set aside when the circumstances have materially changed and the best welfare of the children will be served. 31 Tex.Jur., p. 1300.

Then, too, the right of custody obtained by the mother in the divorce case and the rights of the adopting father have been severed by death.

We agree with appellant that the effect of a valid statutory adoption is that "all legal relationship and all rights and duties between such child and its natural parents shall cease and determine * * *." Sec. 9, Art. 46a, Vernon's Ann.Civ.St.

This does not and could not mean that a natural parent ceases to be a natural parent.

■ In our opinion neither the natural father nor the grandfather has any paramount claim to the custody of these children, but that the trial court was free to consider the natural relationship of each to these children in order to determine their respective fitness and the welfare of the minors.

The court is much impressed with the excellent character of appellant, his generosity, his unquestioned love for these children and sincere desire for their custody. As a result of gifts made by appellant to his deceased daughter and son-in-law, Johnny and Dorothy Lynn have an estate valued between eighteen and twenty thousand dollars. In addition to this he has purchased and fully paid for a $4,000 endowment educational policy for each of the children.

Since the death of appellant's daughter and her husband he had custody of the children until this suit was filed. In caring for the children he had the help of neighbors, a Negro maid, a housekeeper, and a single man twenty-three years of age, who for many years had lived with him. The present housekeeper, employed last September, when asked about her duties, replied: "Well, trying to clean up the much neglected home, picking up clothes, sewing on buttons, just doing a little of everything, cooking meals and things like that."

It also appears that on last August 21, when temporary custody of Dorothy Lynn was given to appellee, the clothes sent along by appellant for her use were in a deplorable state: "The panties had holes in them. Some of them didn't have any elastic in them. Others were pinned, and the dresses were in the same condition. The sashes were pinned on. They had pins where the snaps should have been, no buttons,—holes in them."

It may be said that these are mere trifles, but the life of a small child is made up of such trifles.

Housekeepers are, of course, invaluable in looking after a home disrupted by death, but they are poor substitutes for the absent

mother. They come and go but the commercial point of view is ever present.

Appellant is financially independent, about sixty-three years of age, and seems to have good prospects of remarrying. The age of his intended bride is not shown.

There is no evidence that appellee is morally unfit, although there is a volume of testimony that during his marriage with the mother of these children he lacked stability, changing jobs frequently, and, chiefly from appellant, that he was a poor provider, depending principally upon his father-in-law for the support of his wife and children.

Appellee is now forty-two years of age and his wife, whom he married in 1945, is twenty-nine years of age. They live in a modest home in a respectable neighborhood in Orange, Texas. He is now steadily employed and earns between five and six hundred dollars a month.

Mrs. Doyal appeared and testified at the trial. The evidence shows her to be capable and refined. She had no children of her own, although she took and reared a ten-year old niece of her first husband, from whom she was divorced. This young lady, now married, testified to her motherly attachment for Mrs. Doyal, and to the happy home life she had enjoyed with her.

As is usual and very distressing in custody cases, some one, even the innocent and deserving, must suffer. The courts are compelled to close their eyes to such consequence and consider, above all, the welfare of the child.

Appellant suggests that we can only judge the future by the past. This is a philosophy of doom and destroys hope, hope for a brighter and better future, which is said to be eternal in the human breast.

With this in mind, we believe, with the trial court, that these children are entitled to a chance to achieve normalcy in the home of their father, and that the father is entitled to a chance to prove himself worthy of that name.

The attainments of the trial judge in this field are well known. His judgments are entitled to unusual respect.

We are convinced from a careful consideration of the record that no abuse of discretion is shown; that the judgment is fully supported by the evidence, and that it is our duty to affirm the judgment of the trial court. It is so ordered.

Affirmed.