20990. NEW AMSTERDAM CASUALTY CO. *et al.*
v. FREELAND, Guardian, *et al.*

492

ARGUED OCTOBER 10, 1960—DECIDED NOVEMBER 10, 1960—
REHEARING DENIED NOVEMBER 22, 1960.

*Smith, Oliver, Johnson & Bostick, R. Wilson Smith, Jr.,* for plaintiffs in error.

*Smith, Swift, Currie, McGhee & Hancock,* for party at interest.

*William P. Whelchel,* contra.

ALMAND, Justice. This is a workmen's compensation case, here on a writ of certiorari to review the judgment of the Court of Appeals. The sole question for decision is: Where the stipulated and agreed facts show that the natural children of an employee, who was killed as the result of an injury arising out of and in the course of his employment, are at the time of the death of the employee the legally adopted children of another, wholly supported by their adoptive parents (their natural parents being divorced), are said children, in view of *Code* §§ 114-413, 113-414 and the Adoption Act of 1941 (Ga. L. 1941, pp. 300, 305; *Code Ann.* § 74-414) entitled to receive compensation?

*Code* § 114-413 provides for the payment by the employer, where the employee dies as the result of an injury arising out of and in the course of his employment, to those who at the time of his injury or death were wholly or partially dependent upon him for their support. *Code* § 114-414 provides that children under the age of 18 of the deceased employee "shall be conclusively presumed to be the next of kin wholly dependent upon the deceased employee." This section declares that the terms "boy," "girl," or "child," "shall include step-children, legally adopted children. . . The term 'parent' shall include step-parents and parents by adoption." Section 11 of the Adoption Act of 1941 (Ga. L. 1941, pp. 300, 305; *Code Ann.* § 74-414) as amended by the act of 1949 (Ga. L. 1949, p. 115), and the act

of 1957 (Ga. L. 1957, pp. 339, 340), provides that, after the entry of the final order of the court, "the parents of the child shall be divested of all legal rights, or obligations from them to the child or from the child to them; and the child shall be free from all obligations of any sort whatsoever to the said natural parents. Said adopted child shall be considered in all respects as if it were a child of natural bodily issue of petitioner or petitioners, and shall enjoy every right and privilege of a natural child of petitioner or petitioners and shall be deemed a natural child of petitioner or petitioners to inherit under the laws of descent and distribution in the absence of a will and to take under the provisions of any instrument of testamentary gift, bequest, devise, or legacy, unless expressly excluded therefrom."

The Court of Appeals in its decision held that, since *Code* § 114-414(c) provides that the children of the deceased employee who are under 18 years of age are conclusively presumed to be dependent upon such deceased employee, and since *Code* § 114-103 prohibits such child or children from bringing an action for common-law negligence against the employer, which right the child or children would otherwise have, the lower court did not err in affirming the award of compensation by the full board to the children of the deceased employee.

In support of its opinion, the Court of Appeals relied heavily on their prior decisions and on three decisions of this court. None of these decisions involves the same factual situation as is present in this case. In *Travelers Ins. Co. v. Williamson*, 35 Ga. App. 214 (132 S. E. 265), the natural father was killed in a compensable accident. His children at the time of his death were living with their stepfather and natural mother (the natural parents being divorced), and were supported by the natural father and not dependent upon their stepfather for support. It was held that the children were entitled to compensation. In *Macon, Dublin & Savannah Ry. v. Porter*, 195 Ga. 40 (22 S. E. 2d 218), it was held that a child who had been adopted by his aunt could sue for the negligent homicide of his natural father. Under *Code* § 105-1302, it was not necessary for the child to show that he was dependent upon his natural father for support in order to recover for his negligent homicide. As pointed out in

the concurring opinion by Chief Justice Reid and Justice Jenkins, the adoption by the aunt alone did not sever the relationship between the child and father. There no relationship of child and adoptive father existed. The case of *Sears v. Minchew*, 212 Ga. 417 (93 S. E. 2d 746), simply held that, under our adoption laws the right of an adopted child to inherit from its natural father was not divested. No question of dependency was involved.

We have found no case in the appellate court of this State or of other jurisdictions in which the question here raised has been decided. There are some, however, that are helpful in arriving at a correct answer to the question. In Tuttle v. Industrial Accident Commission, 31 Cal. App. 2d 279 (87 P. 2d 881), the natural children of the deceased sought to recover compensation. At the time of the natural father's death they were living with their mother and stepfather (the natural parents being divorced). The laws of the State of California contained a provision similar to ours as to the conclusive presumption of dependency. It was there held that whether they were wholly dependent upon the step-father was to be determined in accordance with the evidence and without aid of any presumption. In Royal Indem. Co. v. Jackson, 201 Tenn. 500 (300 S. W. 2d 893), it was held that, under a statute creating a conclusive presumption that children under the age of 16 years are wholly dependent upon their father for compensation purposes, compensation shall be paid to such children whether the father does or does not support them; but, if in fact the children are dependent on somebody else, such dependency can be shown and established by proof. The case of Ellis v. Henderson, 204 F. 2d 173 (Cert. den., 346 U. S. 873, 74 S. Ct. 123, 98 L. Ed. 381), involved the Federal Longshoremen's Compensation Act which contained a provision as to conclusive dependency of a minor child upon his father. It was there held that the word "child" means not a mere biological fact but a relationship sanctioned by law and that the term, conclusive presumption, in most instances is actually a rule of substantive law. "A 'conclusive presumption' as a rule of evidence without logical basis might be constitutionally invalid, but if the rule of substantive law would be constitutional, the form of words used in stating the rule is immaterial." Ellis v. Henderson, supra, at p. 175.

In Ritzman v. Industrial Commission, 353 Ill. 34 (186 N. E. 545), it was said, in a workmen's compensation case: "Dependency is a present, existing relationship between two persons where one is sustained by the other or relies on the aid of the other for his means of living." See also Park Utah Consol. Mines Co. v. Industrial Commission, 84 Utah 481 (36 P. 2d 979 (7)).

Code § 114-414 and section 11 of the Adoption Act of 1941 (supra) must be construed together. Merritt v. Jowers, 184 Ga. 762 (193 S. E. 238); Kilgore v. Tiller, 194 Ga. 527 (22 S. E. 2d 150). Our function is to find the legislative intent from a consideration of these two statutes. Did the legislature intend to provide that the presumption of "wholly dependent" would apply where the undisputed facts show the children of a natural father, under the age of 18 years, had been adopted, living with, and wholly supported by the adoptive father at the time of the natural father's death? To give effect to the intention of the legislature, courts are not controlled by the literal meaning of the language of the statute, but the spirit or intention of the law prevails over the letter thereof. Erwin v. Moore, 15 Ga. 361; Roberts v. State, 4 Ga. App. 207 (60 S. E. 1082). Where the letter of the statute results in absurdity or injustice or would lead to contradictions, the meaning of general language may be restrained by the spirit or reason of the statute. Where the intention of the legislature is so inadequately or vaguely expressed that the court must resort to construction, it is proper to consider the results and consequences. It is the duty of the court to consider the results and consequences of any proposed construction and not so construe a statute as will result in unreasonable or absurd consequences not contemplated by the legislature. Board of Tax Assessors of Decatur County v. Catledge, 173 Ga. 656 (160 S. E. 909); Evans v. Evans, 190 Ga. 364 (9 S. E. 254); Sumter County v. Allen, 193 Ga. 171 (17 S. E. 2d 567); Ford Motor Co. v. Abercrombie, 207 Ga. 464 (62 S. E. 2d 209). Sutherland, Statutory Construction, Vol. 2, 339, § 4706; Vol. 3, 149, 153, 157, §§ 6006, 6007, 6102.

We interpret the provisions of Code § 114-414 as to a child under 18 years of age being conclusively presumed to be wholly

dependent upon a deceased employee-parent, as meaning it was the intent of the legislature that this conclusive presumption would arise where *one* of five relationships of parent and child exists, viz: (1) natural children, (2) step-children, (3) adopted children, (4) posthumous children, and (5) acknowledged illegitimate children. Thus, where the undisputed factual proof shows that at the time of the injury or death of the employee, the relationship of parent and child under any of these five categories existed, then the conclusive presumption of dependency would apply. In other words, if the undisputed facts show that, at the time of the injury or death of the natural father, the relationship of parent and child as between the injured or deceased natural father did not exist by reason of the adoption of the child by another, with whom he was living and being wholly supported at the time of the injury or death of the natural father, the conclusive presumption of dependency would arise as against the adoptive father, and have no application as to the natural father. Dependency, in whole or part, is essential before an award can be made to a child under the Workmen's Compensation Act. If a child under the age of 18 years can be awarded compensation benefits on account of the death of his natural father where the undisputed proof shows that at the time of the death of his father he was the adopted son of another, who wholly supported him, this could result in an unreasonable and inequitable consequence. To illustrate: Suppose the child seeking compensation was the child of a natural father and the adopted child of another, with whom he was living and being wholly supported at the time of the deaths of his natural father and adoptive father in a common disaster, they being the employees of a common employer and killed in an accident covered by the Workmen's Compensation Act. If the conclusive presumption of "wholly dependent" be applied as to the natural father and the adoptive father, the child could receive a double compensation. In our opinion it was not the intention of the legislature to permit such a result.

The undisputed evidence showing that, at the time of the death of the natural father of the claimants, the children of such father had been legally adopted by another, and the relation of par-

ent and child existed between the children and adoptive father, with whom they were living and being wholly supported, such children were not entitled to compensation benefits by reason of the death of their natural father.

The Court of Appeals erred in holding to the contrary, and its judgment is

*Reversed. All the Justices concur.*