J. C. PATTON et ux., Petitioners,

v.

Alice M. SHAMBURGER, Guardian,
Respondent.

No. B–248.

Supreme Court of Texas.

May 29, 1968.

Rehearing Denied July 17, 1968.

Huff & Bowers, Broadus A. Spivey, Lubbock, for petitioner.

Scarborough, Black, Tarpley & Scarborough, Frank Scarborough, Abilene, for respondent.

GREENHILL, Justice.

The only question in this workmen's compensation case is to whom the death benefits are to be paid. The money has been tendered into court by the insurer. The contest is between the parents of the deceased workman and his children. The children, however, had been adopted by another man. The effect of the legal adoption is before us. The courts below held that notwithstanding the adoption, the children remained "the minor children" of the workman. Tex.Civ.App., 413 S.W.2d 155. The parents of the workman contend that the adoption terminated the relationship of parent and child, pursuant to the provisions of Article 46a, Section 9,[1] which will be discussed below.

The facts are undisputed. The workman, Jack Patton, was married in 1945. Two children were born of the marriage. Thereafter, Patton and his wife were divorced, and the children went with their mother. The mother remarried, and in 1963 the second husband legally adopted

[1]. All statutory references are to Vernon's Texas Civil Statutes Annotated. All emphasis is ours.

the two children. In 1965, Patton was killed in the course of his employment. The question: are the children still Patton's minor children and entitled to the benefits within the meaning of Section 8a of Article 8306, or have their rights to the compensation benefits been terminated by the provisions of the adoption statute, Article 46a, Section 9?

The adoption statute, Section 9 of Article 46a, provides in part that when a child is adopted, *"all* legal relationship and all rights and duties between such child and its natural parents shall cease and determine, and such child shall thereafter be deemed and held to be *for every purpose* the child of its parent or parents by adoption as fully as though naturally born to them in lawful wedlock."

Under this statute, if the adopting father had been covered by workmen's compensation, the children would have been entitled to benefits. The question is whether they are also entitled to the benefits arising out of the death of their natural father from whom, under Article 46a set out above, "all legal relationship and rights" had ceased. Clearly not, unless other portions of Article 46a or other statutes prevail to continue that right.

■ Section 9 of Article 46a further provides that children adopted by another shall nevertheless inherit from their natural parents. So if the rights of the minor children were acquired by inheritance, the money belongs to them. In this regard, the provisions of the workmen's compensation statute, Section 8a of Article 8306, provide in part, "Such compensation shall *not* pass to the estate of the deceased to be administered upon, but shall be paid directly to said beneficiaries * * *." It is our opinion that rights to workmen's compensation benefits are not obtained through inheritance but are conferred by statute. Hence the portions of the adoption statute relating to inheritance are not applicable.

Section 8a also provides that benefits "shall be distributed among the *beneficiaries* as may be entitled to the same as hereinbefore provided according to the laws of descent and distribution of this State; * * *." This does not simply say that benefits shall be payable according to the laws of descent and distribution. It says that benefits shall be payable *to the beneficiaries* named above. Before the laws of descent and distribution may be used for the determination of the priority of payment among the beneficiaries, the identity of the *beneficiaries* must be established. Among those beneficiaries named are "the minor children" of the deceased. Whether the children are still "the minor children" of the deceased workman after their adoption by another is the problem.

■ It is contended further that the compensation statute says that the compensation provided for shall be for the benefit "of the minor children" (as well as parents) without regard to the question of dependency. The words "minor children" are not defined. The fact that the children are now being provided for by their adoptive parents is therefore immaterial. The fact that Patton was no longer responsible for the care and upkeep of the children may be persuasive of the legislative intent when construed in the light of the adoption statute set out above. And the fact that the parents of the deceased workman may not have actually been dependent upon him is also immaterial under the statute.

It is asserted that the compensation statute plainly says that the benefits are to be received by "minor children"; and that if the Legislature had intended to exclude children which had been adopted by others, it could and would have said so. On the other hand, the adoption statute says that upon adoption, *all* legal relationship shall cease; and if the Legislature had intended to say "all relationships except those provided under the workmen's compensation statute," it could easily have said so.

Other jurisdictions have been confronted with similar or related situations, but their holdings are not uniform. We are of the opinion that the matter must be resolved under the particular wording of our own statutes.

■ It is our opinion that the provisions of the adoption statute, Article 46a, are controlling. They create a new relationship of parent and child upon adoption. Old legal ties are completely severed except for inheritance by the child. The adopted child looks to his new parents for support and benefits. As the adoption statute says, the adopted child shall thereafter be deemed *for every purpose* the child of the adoptive parent. If the adopting parents also have natural children, they may look for compensation benefits only to their own parents. If the law were that the adopted children could look not only to their adoptive parents but to their natural father for compensation benefits, they would be in a superior position to that of the children of the natural parents. On the other hand, if the natural father had adopted other children who legally looked to him and needed him for support, under the other construction, the adopted children of the deceased workman would have to share the benefits with his natural children who had been adopted by others.

■ Upon legal adoption, the family relationship between the natural parent and the adopted children cease and determine. Our holding is that they are no longer "minor children" of the natural father under the workmen's compensation statute but are the minor children of the adoptive father and his wife, the natural mother of the children.

The judgments of the courts below are reversed and judgment is here rendered for the Petitioners, the parents of the deceased workman.

Dissenting Opinion by SMITH, J., in which GRIFFIN, HAMILTON and STEAKLEY, JJ., join.

SMITH, Justice (dissenting).

I respectfully dissent. The holding of the Court is that minor children adopted by another are no longer "minor children" of the natural father save only for inheritance purposes. This holding gives an entirely too literal interpretation to the Adoption Act and reaches a result which I think is contrary to the Legislature's intent in drafting the Adoption Act and the Workmen's Compensation Act. The fact that the Adoption Act states that all *legal relationship* and *all rights and duties* between the adopted child and its natural parents cease and determine does not mean that the minor child ceases to be a "minor child" of the natural parents. The case law of Texas supports the proposition that a child adopted by another continues to have some relationship to its natural parent. In Thompson v. Doyal, 209 S.W.2d 425 (Tex.Civ.App.—1948, writ ref'd.; n. r. e.), the court of civil appeals was faced with the question of whether a natural father, after his children had been adopted, had any claim of custody to the children. In that case, the natural parents of the children were divorced and custody of the children was awarded to the mother. Thereafter, the mother remarried and, with permission of the natural father, the children were adopted by their stepfather. The mother and stepfather were killed in an automobile accident and a suit developed over custody of the children between the children's maternal grandfather and the children's natural father. The grandfather argued that by the terms of the Adoption Act all legal relationship and all rights and duties between the children and their natural father ceased and determined upon adoption; consequently, the natural father should have no claim whatsoever to obtain custody of the children. The court of civil appeals held that "[t]his [the Adoption Act] does not and could not mean that a natural parent ceases to be a natural parent." The court affirmed the trial court's award of custody of the children to their natural father.

To hold, as the Court does, that an adopted child ceases to be the child of its natural father for any purpose except inheritance not only is harsh, but is unrealistic. Clearly there is a persisting legal relationship between a natural parent and its child adopted by another. The fact, for example, that a daughter had been adopted would not avoid the proscription of Penal Code Article 496, which renders marriages between father and daughter criminal offenses. In such an instance, the daughter is still the "child" of the natural father. The Legislature, in enacting the Adoption Act, merely terminated the right-duty relationships of nurture, support, counsel, and control by the parent over his natural child and obedience and service of the child to its natural parent, which are the very relationships generated by the adoption of the child by its new parent. However, the Legislature, in enacting the Adoption Act, did not deny the consanguineous relationship between the parent and its natural child.

On the basis of the plain wording of the Workmen's Compensation Act, I would hold that a natural child adopted by another comes within the term "minor children" as used in the Act to designate the beneficiaries of the available workmen's compensation benefits. The Workmen's Compensation Act is to be liberally construed in order to effectuate its purpose to compensate industrial employees in case of injury, or their beneficiaries in case of a death. However, I wish to make it clear that this liberality of construction applies only to those classes specified in the statute, and will not be extended beyond its plain terms to include those not specifically named. Rogers v. Texas Employers' Ins. Ass'n, 224 S.W.2d 723 (Tex.Civ.App.— 1949, writ ref'd.); Consolidated Underwriters v. Ward, 57 S.W.2d 964, 965 (Tex. Civ.App.—1933, writ ref'd.). This Court, in Stanaland v. Traders & General Ins. Co., 145 Tex. 105, 195 S.W.2d 118 (1946), recognized that rule and held that half-sisters are embraced within the term "sis-ters" for the purpose of determining the beneficiaries under the Act. Clearly, a liberal interpretation of the term "minor children" would include natural minor children of the deceased employee, whether adopted out or not. Such a holding is further buttressed by the fact that the Legislature, in enumerating the beneficiaries of the workmen's compensation benefits, provided that benefits were to be awarded *"without regard to the question of dependency."* The Legislature clearly intended that for a child to recover, it need not live with or depend for support on its father. The only requirement for recovery under the Act is that the child be a *minor child* of the workman, which the respondent in this case clearly is.

Since this is a question of first impression in Texas, we have turned to other jurisdictions. We find that this precise question has been under consideration. Shulman v. New York Board of Fire Underwriters, 15 A.D.2d 700, 223 N.Y.S.2d 312 (1962); Holland Const. Co. v. Sullivan, 220 Ark. 895, 251 S.W.2d 120 (1952); New Amsterdam Cas. Co. v. Freeland, 216 Ga. 491, 117 S.E.2d 538 (1960). On the face of the opinions, it would appear that there is a conflict of authority. Assuming this to be true, I think the sounder view is expressed in the cases that allow recovery of benefits by the minor child that has been adopted by another. In *Shulman,* supra, a minor daughter who had been adopted by her stepfather sought to recover workmen's compensation benefits accruing from the death of her natural father. The New York court, in allowing the minor infant to recover, held as follows:

"In the process of explaining the meaning of the word 'child' as used in the Workmen's Compensation Law, the Legislature did not exclude the offspring of natural parents. It simply extended the meaning of the term to include certain parent-child relationships—natural and artificial—which, unless clarified, might be deemed not to be within the literal sense of the word. Had the purpose been

to destroy the consanguineous connection between a father and his natural child adopted by another as the basis for an award of death benefits, the statutory definition certainly would have been so precisely written as to leave no doubt that such was its intent. Moreover, the care with which the Legislature preserved in related statutes the right of such a child to inherit from his natural parents is a reliable guide to the object sought to be accomplished by subdivision 2 of section 16 [the Workmen's Compensation Law]. Neither logic nor reason dictates any real distinction between the statutory devolution of property in the case of intestacy and the succession to a right conferred by the Workmen's Compensation Law. Each has for its purpose the promotion of the economic good of the child. We think that the word 'child' as used in the statute was intended to embrace one having the kindred and adoptive ties of the infant appellant."

The Georgia Supreme Court, on the other hand, in New Amsterdam Cas. Co. v. Freeland, supra, refused to allow the minor infant to recover benefits accruing from the death of its father. The Georgia Workmen's Compensation Act had a provision which provided that a minor child is conclusively presumed to be a dependent of the father. Nevertheless, the Georgia court held that a minor infant adopted by another is not entitled to workmen's compensation benefits accruing from the death of the natural father. The court reasoned that should the conclusive presumption of "wholly dependent" be applied as to the natural father and the adoptive father, the child could receive a double compensation and that it was not the intent of the legislature to permit such a result. *Freeland,* supra, 117 S.E.2d at 541. This opinion has been rather severely criticized in 23 Georgia B.J. 563 because it gave an exclusive rather than inclusive definition of beneficiaries under the Workmen's Compensation Act and because it interpreted the Adoption Act so as to sever the element of kinship

between the natural parent and its child adopted by another.

The Court in the present case seems to deny recovery upon the further ground that an adopted child, if allowed to recover benefits arising out of the death of its natural father, could also recover benefits arising out of the death of its adoptive father. In this respect, the Court seems to frown upon allowing the minor a double recovery. This should not be controlling when it is realized that one of the aims of the Workmen's Compensation Act is to insure support, in the event of the death of an employee, to those who would be entitled thereto under the provisions of the Act. Dependency is not a factor in our Act, which I believe indicates that the Legislature, in enacting the Workmen's Compensation Act and the Adoption Act, did not intend to disallow recovery by a minor child from its natural parent on the ground that it had been adopted. An analogous case to the one before us now, and one which commends a policy of allowing recovery from a stepfather and a natural father, is Day v. Town Club, 241 Iowa 1264, 45 N.W.2d 222 (1960). In that case, a minor daughter was living with her mother and stepfather when her natural father was killed in an industrial accident. The insurance company contested any recovery by the daughter on the grounds that she was no longer a dependent of her natural father. The court allowed recovery by the daughter, reasoning as follows:

"One aim of the Act [Workmen's Compensation] is to ensure support, in the event of the death of an employee, to those normally entitled to same, which are, as determined by the legislature, children under 16 years of age whether actually dependent or not. Giving to the Act a liberal construction, in the absence of specific legislative directive, a rule of inclusion rather than exclusion should be applied in the designation of dependents. In our judgment the fair and reasonable construction to place upon Section 85.42, Code 1946, I.C.A., is that every child un-

der 16 years of age is deemed to be 'conclusively dependent' upon its natural parent, even though at the time of the death of the parent, due to an industrial accident, such child is residing in the home of a stepparent as a member of such family. While this will in some instances result in a double dependency, we do not find this to be disturbing and think it very analogous to the situation where an adopted child is granted the right to inherit not only from its natural parents but from its adopted parents, as well."

The judgments of the courts below should be affirmed.

GRIFFIN, HAMILTON and STEAKLEY, JJ., join in this dissent.