**LIBERTY MUTUAL INSURANCE COMPANY**

v.

**Mary Ann CLEM et al.**

**Civ. A. No. CA–5–323.**

United States District Court
N. D. Texas,
Lubbock Division.

Aug. 21, 1968.

Crenshaw, Dupree & Milam (Joe Nagy), Lubbock, Tex., for Liberty Mut. Ins. Co.

Key, Carr, Carr & Clark, Aubrey J. Fouts, Lubbock, Tex., for Mary Ann Clem Cockrell, Individually and Next Friend for Doyle Dwayne Clem.

Huff & Bowers, Forrest Bowers, Lubbock, Tex., for Shirley Ann Clem as Next Friend for Richard Roy Clem.

Wagonseller & Cobb, Harrison Grice, Lubbock, Tex., for Vinetta M. Clem.

Bill A. Davis, Lubbock, Ad Litem for Pleasants Ann Holston, Jimmy William Roberts, Donald Ray Roberts and Walter Vernon Roberts.

*MEMORANDUM OPINION:*

WOODWARD, District Judge.

Liberty Mutual Insurance Company tendered to the Registry of this Court the sum of $12,318.29 payable under the Workmen's Compensation Act of Texas for the death of James William Clem.

Vinetta M. Clem is the surviving wife of the decedent and the other parties are the natural children of the deceased.

Doyle Dwayne Clem was the only one of the children who had not been adopted by third parties. The children other than Doyle Dwayne Clem were the issue of prior marriages of the deceased and prior to his death had been adopted by grandparents and other third parties.

The question before the Court is by way of a Motion for Summary Judgment made on behalf of Doyle Dwayne Clem, the natural and unadopted child of the deceased.

The parties have stipulated that the surviving wife, Vinetta M. Clem, is to receive her one-half of the proceeds. The dispute is as to whether the remaining one-half of the proceeds is to be awarded in its entirety to Doyle Dwayne Clem or is to be divided with the other five children who were adopted by third parties.

Counsel for the five adopted children urged the following points which are hereby overruled:

1. That this Court is not bound to follow the decision of the Texas Supreme Court in the case of Patton v. Shamburger, [431 S.W.2d 506, 11 Tex. Sup.Ct.J. 438 (May 29, 1968). (Mandate issued August 2, 1968).] The judgment is now final. This case clearly holds that the children of a decedent who are adopted by third parties are not included within the term "minor children" as used in Section 8a of Article 8306 of the Texas Workmen's Compensation Act and thus are not entitled to receive any portion of the proceeds of workmen's compensation benefits because of the death of their natural parent. Under Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), this Court is bound to follow the above decision of the Texas Supreme Court and must hold that only Doyle Dwayne Clem is entitled to receive the one-half of the workmen's compensation benefits payable to minor children.

2. Counsel for Richard Roy Clem contends that the adoption of Richard Roy Clem is not valid because the petition for adoption did not state "the name to be given the child through the adoption" as required by Section 1a(3) of Article 46a of the Texas Revised Civil Statutes. The judgment of adoption did not change the minor's name, and it would have been useless to require the petition to show any information concerning a change of names when no change was requested. In fact, it would appear that no change of name was desired since Richard Roy Clem was adopted by his paternal grandparents. The requirement of a designation, in the petition, of the name to be used through adoption is not jurisdictional and the failure to include the name does not make the adoption proceedings void.

3. Also, it is claimed that this particular adoption (Richard Roy Clem) is invalid because the petition for adoption failed to state "what written consent papers had been obtained from the natural parent or parents and if none obtained, then specify which exception to the necessity for such consent is applicable" as required by Section 1a(6) of Article 46a, Texas Revised Civil Statutes. A copy of the petition for adoption was attached to the affidavit filed

in opposition to the motion for summary judgment. Paragraph V of the petition contains statements concerning the consent of the natural parents which read as follows:

"The natural mother of the child is Shirley Ann Clem and she has given her written consent to such adoption, which written consent has been on this date filed in this proceeding, duly executed by her, and the natural father, James William Clem, has agreed to give his consent which, together with his waiver of notice of proceedings herein will be filed prior to the hearing herein."

This statement fully complies with the provisions of the above statute. In addition, the judgment of adoption recites that the consent of both the natural father and mother of the child had been duly executed in writing.

4. Counsel also contends that the provisions of Article 4477, Rule 47a, Texas Revised Civil Statutes, were not complied with in that no new birth certificate had ever been issued and that other provisions of this rule had not been complied with. This particular statute is one designed to facilitate the gathering of statistics by the State Department of Health, and nothing contained within the provisions of those rules can be regarded as affecting the validity of adoption proceedings and they are not applicable here.

The judgments of adoption for the five children above identified are regular on their face, and no material irregularity appears in any of the judgments. A judgment for adoption, if complete on its face and setting forth all facts essential to show jurisdiction, is not subject to collateral attack on matters outside the record, and a recital of a jurisdictional fact in such judgment is not subject to collateral attack. 2 C.J.S. Adoption of Children § 50; 1 Tex.Jur.2d Adoption § 40; Pettit v. Engelking, 263 S.W.2d 619, Tex.Civ.App., 1953, no writ. Thus a collateral attack on either of these judgments cannot be sustained in

this case. Such judgments are the valid judgments of the proper court and are fully determinative of the question of the validity of said adoptions in so far as they pertain to this proceeding. In addition, Shirley Ann Clem, individually and as next friend of Richard Roy Clem, through her attorney, admitted the fact and the validity of his adoption by answer to a Request for Admissions filed in this cause on July 9, 1968.

The affidavit in opposition to the Motion for Summary Judgment fails to raise any question of fact, and there is no dispute between any of the parties as to any ultimate fact issue in this case. It therefore appears from the judgments of adoption and the answer to the Requests for Admissions, that Doyle Dwayne Clem is the only minor child of the deceased who had not been adopted by third parties prior to the death of James William Clem.

Therefore, Summary Judgment is granted by the Court for Vinetta M. Clem as to one-half of the proceeds now in the Registry of this Court and the other one-half is awarded to Doyle Dwayne Clem.