**Karen Elizabeth ZANELLA et al., Appellants,**

v.

**SUPERIOR INSURANCE COMPANY et al., Appellees.**

**No. 4302.**

Court of Civil Appeals of Texas.

Eastland.

June 13, 1969.

Rehearing Denied July 11, 1969.

Akin, Gump, Strauss, Hauer & Feld, Henry D. Akin, Dallas, for appellants.

Daugherty, Bruner, Lastelick & Anderson, E. Karl Anderson, Walton P. Bondies, Jr., Dallas, for appellees.

GRISSOM, Chief Justice.

Karen Elizabeth Zanella and Sharon Louise Zanella are the natural children of James H. Noland, Jr., deceased. During the lifetime of James H. Noland, Jr., said minor children were adopted by their mother's second husband. Thereafter, Noland died under circumstances which, but for such adoption, would have entitled said minor children to receive workmen's compensation death benefits. The trial court on stipulated facts rendered a summary judgment awarding such benefits to the father of the deceased workman and overruled the motion of his children for a summary judgment. The children have appealed.

 The sole question presented is whether the father of the deceased, instead of his minor natural children is, because of their adoption, entitled to such

benefits. The question was decided by our Supreme Court in Patton v. Shamburger, 431 S.W.2d 506. There, as here, the question was whether workmen's compensation death benefits should be paid to a deceased workman's parent or to his minor children, who, before his death, had been adopted by another. The court held that such benefits are not obtained through inheritance but are conferred by statute. Article 8306, § 8a provides that such benefits shall be paid to a deceased workman's "legal beneficiaries" but it does not say who the legal beneficiaries are and, since the adoption statute, Article 46a, Section 9, provides that when a child is adopted all legal relationship and all rights between such child and its natural parent shall cease and thereafter such child shall be deemed the child of its parent by adoption, it follows that after adoption said minors were no longer entitled to Workmen's Compensation death benefits paid by reason of the death of their natural father.

We have carefully considered appellants' able brief and argument and the authorities they cite. This case is not distinguishable from the Patton case and it is controlling. The judgment is affirmed.