**Belinda Diane Keller DICKERSON, Appellant,**

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.**

No. 17382.

Court of Civil Appeals of Texas, Dallas.

Jan. 30, 1970.

Wayne A. Rohne, Rohne & Hines, Arlington, for appellant.

Hulen Ford, Bean, Francis, Ford, Francis & Wills, Dallas, for appellee.

BATEMAN, Justice.

This appeal involves only the correct distribution of death benefits under the workmen's compensation law paid into the registry of the court by the insurer. The deceased workman, John Anding Keller, left a surviving wife, Judith Ann Keller Cannon, and five minor children, two of whom were children of said Judith Ann Keller Cannon, the other three being children of a prior marriage. The appellant Belinda Diane Keller Dickerson was of the latter group and was adopted by other persons prior to her father's death. Sitting without a jury, the trial court awarded half of the fund to the surviving wife and the other half to four of the surviving children, excluding the appellant solely because of her adoption.

In her first point of error on appeal appellant complains of the award to Judith Ann Keller Cannon because there was no proof of the dissolution of the two prior marriages of the deceased workman. Among other findings of fact and conclusions of law, the trial court found specifically that Judith Ann was lawfully married to Keller at a time when neither was under any prior impediment, and that at the time of his death he was not married to either of his previous wives. These findings are supported by undisputed evidence of the

ceremonial marriage of Keller and Judith Ann, aided by the strong legal presumption that persons who marry are legally free to do so. Texas Employers' Ins. Ass'n v. Elder, 155 Tex. 27, 282 S.W.2d 371 (1955). The first point of error is overruled.

■ By her second point of error appellant complains of the holding of the trial court that because of her prior adoption appellant was not entitled to any of the death benefits. This action of the trial court would seem to be in keeping with the recent decision of our Supreme Court in Patton v. Shamburger, 431 S.W.2d 506 (Tex.1968), wherein it was held that a certain provision in the adoption statute * (Vernon's Ann.Civ.St. Art. 46a, Sec. 9), inhibits the recovery of such benefits by children of a deceased workman who have been adopted by others prior to his death by holding that they are no longer his "minor children" as that term is used in the workmen's compensation statute (Art. 8306, Sec. 8a). Appellant argues earnestly that such decision is wrong and that we should decline to follow it. We of course have no option to decide a question contrary to a decision of the Supreme Court, and if the facts and basis of presentation were the same here as they were in *Patton* our decision on the point would be the same, as was that of the Eastland Court of Civil Appeals in Zanella v. Superior Ins. Co., 443 S.W.2d 95 (Tex.Civ.App., Eastland 1969, writ ref'd), where the facts were practically identical with those in *Patton*. Therefore, insofar as the second point of error urges us to disregard *Patton*, it is overruled.

In both *Patton* and *Zanella* the only two children involved were both adopted prior to their father's death and received the same treatment. Here, however, a different fact situation exists, as will hereinafter appear in our discussion of the third point of error.

■ Appellant's third point of error raises the interesting question, not present in either *Patton* or *Zanella*, of whether the trial court's action in awarding half of the death benefits to appellant's siblings and no part of same to appellant violated the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. We think this point has merit.

The five children involved here, up to the time of appellant's adoption, were unquestionably of one class, i. e., they were all minor children of John Anding Keller. The workmen's compensation statutes treated them as one class and they were given equal protection under those statutes; i. e., they would share equally in the benefits accruing under those statutes to his minor children upon the industrial death of the father. They were all "minors" in that they had not yet reached their majority, and they were all "children" of the decedent in the biological sense. The trial court, however, has divided them into two classes: one consisting of appellant, who had been adopted prior to their father's death, and the other consisting of the other four who had not been adopted; and having made this division the court then proceeded to treat the two classes differently by depriving one of any share of the benefits and awarding all of the benefits to the other. In our opinion they were thus given unequal protection under the law instead of the equal protection guaranteed by the Fourteenth Amendment.

■ Of course, that amendment does not forbid every distinction between persons residing within the jurisdiction of a certain state, and each state has wide discretion in determining its own public poli-

---

* "When a minor child is adopted in accordance with the provisions of this Article, all legal relationship and all rights and duties between such child and its natural parents shall cease and determine, and such child shall thereafter be deemed and held to be for every purpose the child of its parent or parents by adoption as fully as though naturally born to them in lawful wedlock."

cy. Terrace v. Thompson (Wash.1923), 263 U.S. 197, 44 S.Ct. 15, 68 L.Ed. 255. Although each state has broad power and great latitude in the matter of making classifications, it has been held that "it may not draw a line which constitutes an invidious discrimination against a particular class," and that the test is "whether the line drawn is a rational one." Levy v. Louisiana (La.1968), 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436. In that case suit had been brought on behalf of five illegitimate children to recover under a Louisiana statute for the wrongful death of their mother. The trial court dismissed the suit; the Court of Appeal affirmed Levy v. State Through Charity Hospital etc. (192 So.2d 193) and the Supreme Court of Louisiana denied certiorari, 250 La. 25, 193 So.2d 530 (1967). In its opinion the Court of Appeal held that the word "child" in the statute meant "legitimate" child, and that the discrimination bore a substantial relation to the general health, morals or general welfare of the people "because it discourages bringing children into the world out of wedlock." The Supreme Court of the United States reversed, however, holding that thus drawing the line between legitimate and illegitimate children under the Louisiana wrongful death statute was not a rational line and constituted an "invidious discrimination."

We think the same rule should apply here. We consider the discrimination between the two classes of children in the case at bar to be "invidious" because the effect of it is to take from a defenseless, innocent child a substantial right to certain protection under the workmen's compensation law, not because of anything the child has done, but wholly because of the act of one or more adults in adopting the child. We do not think this line of discrimination can be said to have been "a rational one" as having any bearing on public health, morals or general welfare, or on the ground of supposed monetary advantages or disadvantages incident to adoption of children. We do not think the discrimination can be justified on the basis of sup-

posed pecuniary advantage to an adopted child as compared to its siblings who are not adopted. We think it would be unsafe and unwise to assume that an adopted child would occupy a superior position, financially or otherwise, merely because of the adoption. The converse might easily be true.

Therefore, appellant's third point of error is sustained. The judgment is reversed and the cause remanded to the trial court with instructions to recalculate the distribution of the benefits consistently with this opinion.

Reversed and remanded.