Linoa Carol **BANEGAS**, as next friend and guardian of the minor child, Cynthia Lynn Holmquist Cole, **Appellant,**

v.

Oscar Burton **HOLMQUIST**, Jr., et al., **Appellees.**

No. 6462.

Court of Civil Appeals of Texas, El Paso.

March 24, 1976.

Stewart W. Forbes, Arthur A. Abraham, El Paso, for appellant.

Kerr, Fitz-Gerald & Kerr, Ted M. Kerr, Midland, Conway L. Wallace, Houston, for appellees.

## OPINION

PRESLAR, Chief Justice.

This is a dispute over Workmen's Compensation death benefits between the parents of a deceased workman and a child of the workman, who had been adopted by someone else. The trial Court, on undisputed facts, rendered a summary judgment awarding the benefits to the parents of the deceased workman. We affirm.

Two questions are presented on appeal, the first being whether a child who has been adopted by another is entitled to death benefits of the child's natural parent; the second is whether the denial of such benefits violated the equal protection clause of the Fourteenth Amendment to the United States Constitution.

Cynthia Lynn Holmquist Cole is the sole minor child of Ralph B. Holmquist who was killed in an industrial accident for which death benefits are payable under the Workmen's Compensation Act, Art. 8306, Tex. Rev.Civ.Stat.Ann. Long before his death, he and Cynthia Lynn's mother were divorced and the mother married one Clifton Cole, who adopted Cynthia Lynn. The Travelers Insurance Company, the Compensation carrier for Ralph Holmquist's employer, has admitted that his death is compensable and has paid the benefits into court because of the conflicting claims of the minor, Cynthia Lynn Cole, and the parents, Oscar and Beulah Holmquist, Appellees herein.

As indicated, the trial Court determined that the parents of the deceased, instead of the natural child who had been adopted by another, were entitled to the death benefits. This precise question was decided by our Supreme Court in *Patton v. Shamburger*, Tex., 431 S.W.2d 506 (1968). The question before the Supreme Court in that case is identical to the question before this Court; that is, whether Workmen's Compensation death benefits should be paid to a deceased workman's parent or to his minor child who, before his death, had been adopted by another. The Court held that the adoption statute, Art. 46a, Tex.Rev.Civ. Stat.Ann., prevents the recovery of such benefits by a child because such adopted child is no longer the workman's "minor children" as that term is used in the Workmen's Compensation statute, Art. 8306, § 8a.

Appellant urges that since the decision in *Patton v. Shamburger* in 1968, the adoption statutes have changed in that Texas has now enacted the Family Code. Section 15.-07, Tex.Family Code Ann., has the same wording as § 9 of Art. 46a, the old adoption statute, this being the language construed by the Court in *Patton*. We fail to see how the adoption of the new Family Code affects the decision in that case; no other provision of the Family Code conflicts with that opinion. The case before us is not distinguishable from the *Patton* case and it is controlling of our decision. It was followed by the Eastland Court of Civil Appeals in *Zanella v. Superior Insurance Company*, 443 S.W.2d 95 (Tex.Civ.App.—Eastland 1969, writ ref'd). Appellant's first point of error is overruled.

Appellant's second point of error is that the judgment of the District Court

operates as a taking of her property without due process of law and is contrary to the equal protection clause of the United States Constitution. In support of this position, Appellant cites *Dickerson v. Texas Employers' Insurance Association*, 451 S.W.2d 794, a no writ case by the Dallas Court of Civil Appeals, decided in 1970. In *Dickerson*, the Court recognized the holding in *Patton* and *Zanella* as controlling, but reasoned that there was no constitutional question in those cases whereas one existed in the case before it. In *Dickerson*, one of the children of the deceased workman had been adopted and the others had not. The court held that to exclude the child who was adopted by a third person would amount to a denial of equal protection under the Fourteenth Amendment of the United States Constitution. This decision followed *Levy v. Louisiana* which declared that the exclusion of illegitimates from recovery under the Louisiana wrongful death statute was unconstitutional. 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 (1968). There is a distinction between the illegitimate child situation and that of the adopted child. The illegitimate child is deprived of any recovery from any source; he has no other place to turn for a recovery of benefits, while the adopted child simply changes parents; he loses the right to recover from his natural parent, but he is given the right to recover from the adoptive parent. Article 16.09 of the Family Code provides:

"(a) On entry of a decree of adoption, the parent-child relationship exists between the adopted child and the adoptive parents as if the child were born to the adoptive parents during marriage."

The Supreme Court confirmed that in the *Patton* case, saying: "Our holding is that they are no longer 'minor children' of the natural father under the workmen's compensation statute but are the minor children of the adoptive father and his wife, the natural mother of the children." Since Appellant is not deprived of a right but simply had that right transferred from one parent to another, we hold that there is no violation of the equal protection clause of the Fourteenth Amendment, United States Constitution.

The judgment of the trial Court is affirmed.