John T. McCully, Gordon H. Rowe, Jr., Gardere, Porter & DeHay, Dallas, for appellants.

Thomas R. Needham, Bean, Francis, Ford & Wills, Dallas, for appellees.

**Irene J. GRIFFITH et al., Appellants,**

v.

**Rita C. CHRISTIAN et al., Appellees.**

**No. 1111.**

Court of Civil Appeals of Texas, Tyler.

March 16, 1978.

McKAY, Justice.

This is a suit to determine the proper distribution of death benefits under the worker's compensation law. Appellant, Irene J. Griffith, brought suit in both her individual capacity and as next friend of her children, Deborah Leigh Griffith and Jonathan Robert Griffith, to recover all the benefits due under the law to the exclusion of Tracey Yvonne Christian and Robert Allen Christian, minor children of the deceased worker, Robert Griffith, by a prior marriage. The trial court granted appellee's motion for summary judgment awarding Tracey Christian and Robert Christian equal shares in the benefits with Deborah Griffith and Jonathan Griffith.

The facts are undisputed. At the time of his death, Robert Griffith was married to Irene J. Griffith. By this marriage, he had two children, Deborah Leigh Griffith and Jonathan Robert Griffith. The deceased was also the father of two children by a prior marriage, Tracey Yvonne Christian and Robert Allen Christian. Both of these children were adopted by their stepfather, Michael Lynn Christian, prior to the death of their natural father.

This appeal is limited to that portion of the trial court's judgment awarding benefits to Tracey Christian and Robert Christian. Accordingly, the sole question we have before us is whether the children of Robert Griffith by his first marriage, Tracey Yvonne Christian and Robert Allen Christian, are entitled to share in the benefits under the worker's compensation act.

Appellants contend that the children of the first marriage, having been adopted prior to the death of Robert Griffith, were no longer the children of the deceased as contemplated by the Legislature in Art. 8306, sec. 8a, V.A.T.S. Appellants maintain that the children did not qualify because of the definition given the term "minor children" by the Supreme Court in its decision in *Patton v. Shamburger*, 431 S.W.2d 506 (1968). We agree with this contention.

The *Patton* case involved a controversy between the parents of the deceased employee and the employee's natural children who had been adopted by another prior to their natural father's death.

The court recognized that Article 46a, sec. 9, V.A.T.S., provided that children adopted by another shall nevertheless inherit from their natural parents. The court then stated, "[R]ights to workmen's compensation benefits are not obtained through inheritance but are conferred by statute. Hence the portions of the adoption statute relating to inheritance are not applicable." In holding that the adopted children were not entitled to the compensation benefits, the court stated,

"Upon legal adoption, the family relationship between the natural parent and the adopted children cease and determine.

Our holding is that they are no longer 'minor children' of the natural father under the workmen's compensation statute but are the minor children of the adoptive father and his wife, the natural mother of the children."

The court's holding was subsequently followed in *Zanella v. Superior Insurance Co.*, 443 S.W.2d 95 (Tex.Civ.App.—Eastland 1969, writ ref'd), and *Banegas v. Holmquist*, 535 S.W.2d 410 (Tex.Civ.App.—El Paso 1976, no writ). Both of these cases held that a parent or parents should receive the benefits to the exclusion of the deceased's natural children who had been adopted by another prior to their father's death.

Appellee contends that *Dickerson v. Texas Employers' Insurance Ass'n*, 451 S.W.2d 794 (Tex.Civ.App.—Dallas 1970, no writ), is controlling here. We disagree.

In *Dickerson* one of the deceased's children had been adopted, the others had not. The court held that to exclude the adopted child from the benefits shared by the other four was a denial of equal protection of the law under the Fourteenth Amendment of the United States Constitution. The Dallas court based its decision on *Levy v. Louisiana* which held unconstitutional the exclusion of illegitimate children from recovery under the Louisiana wrongful death statute. 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 (1968).

Notwithstanding the *Dickerson* decision, in our opinion there exists a distinction between the respective situations of the illegitimate child and the adopted child. The illegitimate child is deprived of any recovery from any source; he has no other place to turn for a recovery of benefits, while the adopted child simply changes parents; he loses the right to recover from his natural parent, but he is given the right to recover from the adoptive parent. *Banegas v. Holmquist*, supra at 412.

Nor do we believe the different fact situation in *Dickerson*, as opposed to *Patton*, to be a valid distinction for the rule of law announced in *Dickerson*. While the Dallas court states the *Patton* definition of a "mi-

nor child" to be the correct one, it nonetheless pronounces its own new definition. In our opinion the court in *Dickerson* improperly followed a constitutional contention which led it into an erroneous holding and an untenable position, i. e., an unadopted child would prevail over the deceased worker's parents, and the deceased's parents would prevail over adopted children, but the unadopted and the adopted children would have to share such benefits equally.

Accordingly, we hold that the adopted children are not "minor children" within the meaning of Art. 8306, sec. 8a, V.A.T.S., and are not entitled to share in the benefits. Appellants' points of error are sustained.

Therefore, that portion of the trial court's judgment awarding benefits to Tracey Yvonne Christian and Robert Allen Christian is reversed, and judgment is here rendered for appellants.