**Joe C. FIGUEROA and Dolores Figueroa, Appellants,**

v.

**Robert SANTOS, Minor Joined by Raul A. Santos, Guardian and Next Friend, Appellees.**

**No. 16420.**

Court of Civil Appeals of Texas, San Antonio.

Sept. 24, 1980.

Rehearing Denied Oct. 22, 1980.

Stephen Dittlinger, Frank R. Southers, Andrew B. Logan, San Antonio, for appellants.

Thomas Sharp, Jr., Richard J. Reynolds, III, San Antonio, for appellees.

## OPINION

MURRAY, Justice.

Joe C. Figueroa and wife, Dolores Figueroa, appellants, filed this suit against Robert Santos for the wrongful death of their son, Joe C. Figueroa, Jr. Joe C. Figueroa, Jr., was a passenger in an automobile driven by appellee, Robert Santos, when it collided with a train in San Antonio. Appellee filed a motion for summary judgment alleging

that appellants' cause of action was barred by Article 6701b, paragraph 1(a), of Texas Revised Civil Statutes Annotated, more commonly known as the "guest statute." The trial court granted appellee's motion for summary judgment and appellants have perfected their appeal to this Court. We reverse the judgment of the trial court and remand the case for trial on the merits.

Appellants allege that their son was killed by appellee's failure to exercise ordinary care. It is undisputed that Joe C. Figueroa, Jr., was not a passenger for hire and appellee did not intentionally nor heedlessly cause the accident, nor was there any reckless disregard of the rights of others. Dolores Figueroa was the sister of Robert Castanon, Sr. Dolores Figueroa and her husband, Joe Figueroa, were the parents of Joe C. Figueroa, Jr. (deceased). Robert Castanon, Sr., and his wife, Sylvia, were the parents of Robert Castanon, Jr. Robert Castanon, Sr., and Sylvia were divorced and she married Raul Santos. Prior to the occurrence giving rise to this suit, the paternal rights between Robert Castanon, Sr., and Robert Castanon, Jr., were terminated and Robert Castanon, Jr., was adopted by Raul Santos. Robert Castanon, Jr., took the name of his adopted father and has been known as Robert Santos ever since.

Robert Santos and Joe C. Figueroa, Jr., were first cousins and thus related within the second degree of consanguinity. The question before us is whether the guest statute applies where the paternal rights have been terminated and the son has been adopted by his stepfather. At this point we deem it advisable to quote section 15.07 and section 16.09 of the Texas Family Code, and section 1(a), article 6701b, of the Texas Revised Civil Statutes, as follows:

§ 15.07. Effect of Decree

A decree terminating the parent–child relationship divests the parent and the child of all legal rights, privileges, duties, and powers, with respect to each other, except that the child retains the right to inherit from and through its divested parent unless the court otherwise provides. Nothing in this chapter shall preclude or affect the rights of a natural maternal or paternal grandparent to reasonable access under Section 14.03(d) of this code.

§ 16.09. Effect of Adoption Decree

(a) On entry of a decree of adoption, the parent-child relationship exists between the adopted child and the adoptive parents as if the child were born to the adoptive parents during marriage.

(b) An adopted child is entitled to inherit from and through his adoptive parents as though he were the natural child of the parents.

(c) The terms "child," "descendant," "issue," and other terms indicating the relationship of parent and child include an adopted child unless the context or express language clearly indicates otherwise.

(d) Nothing in this chapter shall preclude or affect the rights of a natural maternal or paternal grandparent to reasonable access under Section 14.03(d) of this code.

Tex.Fam.Code Ann. § 15.07 (Vernon Supp. 1979-1980) & § 16.09 (Vernon 1975).

No person who is related within the second degree of consanguinity or affinity to the owner or operator of a motor vehicle and who is being transported over the public highways of this State by the owner or operator of the motor vehicle as his guest without payment for such transportation, shall have a cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator, or caused by his heedlessness or his reckless disregard of the rights of others. There shall be no such immunity for an owner or operator who is not so related to the guest.

Tex.Rev.Civ.Stat.Ann. art. 6701b, § 1(a) (Vernon 1977).

We hold that the Texas guest statute has no application to the case at bar. We have been unable to find a Texas decision directly in point and the question is evidently one of first impression in this jurisdiction.

Under our present statutes, an adopted child's relations with his natural parents cease; and by law he becomes a child of his adopting parent as fully as though born to the adopting parent in lawful wedlock. When the paternal rights were terminated and Robert was adopted by Mr. Santos he acquired new aunts and uncles, grandparents and cousins. It seems to us that the legislature has intended by the enactment of the present law, that when paternal rights are terminated and the child is legally adopted, all ties of such adopted person with the natural parent and his kin are completely severed within the meaning of our guest statute. When we construe the guest statute in light of the subject matter of the legislation, in the end sought to be accomplished, we are convinced that after the termination and adoption, Robert Santos was no longer related to Joe C. Figueroa, Jr.

The case at bar is analogous to the case of *Patton v. Shamburger*, 431 S.W.2d 506 (Tex.1968). In *Patton*, the Supreme Court was faced with a controversy between the parents of a deceased employee and the employee's natural children who had been adopted by another prior to the natural father's death, over entitlement to death benefits under the compensation statute. In holding for the parents of the deceased, the Supreme Court reasoned that determination of the paternal rights of the deceased employee and the subsequent adoption of his natural children by another did not entitle those children to share in an award of death benefits. *See also Zanella v. Superior Insurance Company*, 443 S.W.2d 95 (Tex.Civ.App.—Eastland 1969, writ ref'd); *Griffith v. Christian*, 564 S.W.2d 170 (Tex.Civ.App.—Tyler 1978, no writ).

Appellant also contends that the guest statute is unconstitutional. So far as the question here involved is concerned, it is our view that the guest statute is not applicable and it is, therefore, immaterial to a decision on the question before us whether or not the guest statute is constitutional. The judgment of the trial court is reversed and the cause is remanded to the trial court for a new trial.