

# THE ATTORNEY GENERAL
# OF TEXAS

June 29, 1987

JIM MATTOX
ATTORNEY GENERAL

Mr. Clayton T. Garrison
Executive Director
Employees Retirement System
  of Texas
P. O. Box 13207
Austin, Texas   78711

Opinion No. JM-731

Re:  Whether benefits paid under
article 6228f, V.T.C.S., on behalf
of a minor child, cease upon the
adoption of that child

Dear Mr. Garrison:

You have requested our opinion regarding the effects of adoption upon a minor child's entitlement to death benefits under article 6228f, V.T.C.S. We believe that the adoption of a minor child subsequent to the death of his natural parent does not bar the child's entitlement to death benefits under article 6228f, V.T.C.S.

Article III, section 51-d, of the Texas Constitution authorizes the legislature to enact legislation to provide for financial assistance to surviving spouse and "minor children" of certain employees "who, because of the hazardous nature of their duties, suffer death in the course of the performance of those official duties." See Tex. Const. art. III, §51-d. Upon that authority, the legislature enacted article 6228f, V.T.C.S. Section 3 of article 6228f, V.T.C.S., provides:

> In any case in which a [covered employee] . . . <u>suffers violent death in the course of his duty</u> . . . if such [covered employee] . . . shall <u>be survived by a minor child or minor children</u>, the State of Texas shall pay to the duly appointed or qualified guardian or other legal representative of each minor child. . . .
>
> [Stipulated amounts].
>
> <u>Provided, that when any child entitled to benefits under this Act ceases to be a minor child as that term is defined herein, his entitlement to benefits shall terminate.</u> . . . (Emphasis added).

Thus, section 3 of article 6228f, V.T.C.S., establishes when a minor child is entitled to receive benefits and when the child's right to the death benefits terminate.

Section 2(a)(7) of article 6228f, V.T.C.S., defines "minor child" as "a child who, on the date of the violent death of any person covered by this Act, has not reached the age of 21 years." Since the enactment of article 6228f, a Texas court has held that because of article 5923b, V.T.C.S., a child reaching the age of 18 years would no longer qualify for benefits under article 6228f, V.T.C.S. See Cook v. Employees Retirement System of Texas, 514 S.W.2d 329 (Tex. Civ. App. - Texarkana 1974, writ ref'd n.r.e.); see also Attorney General Opinion MW-354 (1981). Termination of benefits are only provided for under those circumstances, the act does not specifically provide for the circumstance where a minor child receiving benefits, is adopted before reaching the age of 18 years.

In Attorney General Opinion H-85 (1973), this office concluded that children of a deceased law enforcement officer receiving benefits under article 6228f, V.T.C.S., who had been adopted by someone else cease to be the officer's children. The opinion cited Patton v. Shamburger, 431 S.W.2d 506 (Tex. 1968), in support of that conclusion. In Patton, the Texas Supreme Court held that a workman's children, who were adopted by his wife's second husband prior to the death of the workman, were no longer his "minor children" entitled to workmen's compensation death benefits within the meaning of section 8a of article 8306, V.T.C.S. The court also held that adoption of a minor child under the old adoption statute terminated all legal relations, rights and duties between the child and his natural parents except for inheritance purposes. See V.T.C.S. former art. 46a, §9 (repealed 1973). The subsequent enactment of section 15.07 of the Family Code, the new adoption statute, has no effect on the holding in Patton. See Banegas v. Holmquist, 535 S.W.2d 410 (Tex. Civ. App. - El Paso 1976, no writ). Accordingly, Attorney General Opinion H-85 (1973) is limited to situations where a child is entitled to death benefits under article 6228f, V.T.C.S., and who is adopted prior to the death of the covered employee.

A minor child of a covered employee who is adopted prior to the death of the covered employee is not entitled to death benefits under article 6228f because the child's entitlement or right to the benefit does not vest until the death of the covered employee. See V.T.C.S. art. 6228f, §§2(a)(7), 3.

On the contrary, we believe that a child receiving benefits because a natural parent who was a covered employee has "suffer[ed] a violent death in the course of his duty," can continue to receive the benefits because a subsequent adoption does not have the effect of emancipating the minor child from disabilities of minority. See

Attorney General Opinion H-85 (1973).  Thus, the child is entitled to the benefits until infancy is removed.  Attorney General Opinion H-85 (1973); cf. Home Indemnity Company v. Mosqueda, 473 S.W.2d 456 (Tex. 1971) (a child was entitled to Workmen's Compensation benefits accruing from death until reaching the age of maturity).

### S U M M A R Y

A minor child of a covered employee, who is entitled to death benefits under article 6228f, V.T.C.S., does not cease upon subsequent adoption of the child.

Very truly yours

J I M   M A T T O X
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tony Guillory
Assistant Attorney General