241 P.2d 431

**HODGES v. INDUSTRIAL COMMISSION et al.**

**No. 5588.**

Supreme Court of Arizona.

March 10, 1952.

Yale McFate, of Phoenix, for petitioner.

H. S. McCluskey, Phoenix, for respondent Commission.

STANFORD, Justice.

Ted B. Hodges, deceased, sustained fatal injuries arising out of and in the course of his employment with Fisher Contracting Company. This employer was insured under a policy issued by the Industrial Commission of Arizona. Malle Hodges, petitioner, made claim for death benefits as the widow of the deceased. The respondent commission denied compensation on the ground that petitioner was not the widow of the deceased. On rehearing, petitioner took the position that she was entitled to death benefits as the widow *or* in the alternative as sole dependent of the deceased. Respondent again denied benefits on the ground that petitioner was not the widow of the deceased and that her allegation of same was a wilful misrepresentation of her marital status thereby precluding recovery of any benefits as a dependent.

Petitioner married Anton K. Berg in 1918 and two children were born of the issue. In 1933 Anton K. Berg deserted petitioner. In 1935 petitioner went to an attorney to get a divorce but before an action was filed petitioner received a letter from a friend to the effect that Anton K. Berg had procured a divorce. On the advice of the attorney petitioner abandoned her plans for divorce believing it was not necessary.

Petitioner met the deceased in 1938, became engaged, and purportedly went through a marriage ceremony in the state of Sonora, Mexico, on Thanksgiving Day in 1939. Petitioner and the deceased lived together as husband and wife until the fatal accident in 1950. Petitioner could not recall the name of the town in Mexico in which she was married nor the name of the official performing the ceremony. A search of the Mexican records failed to disclose any evidence of the purported marriage but petitioner introduced evidence tending to prove that a marriage license had been issued and the ceremony solemnized. Several people testified they had seen the marriage certificate, including a member of the bar, but the certificate itself was destroyed in a fire. The general reputation of the petitioner and the deceased was that they were husband and wife. They dealt with property as husband and wife, had a joint bank account, filed income tax returns as husband and wife, two insurance policies named petitioner as the wife of the deceased and the Superior Court of Maricopa County assigned

328

the whole of decedent's estate to petitioner as the surviving widow of the deceased. Anton K. Berg testified that he had never received a divorce from petitioner but admitted that he had told friends that he had gotten a divorce. The only questions presented by this appeal are (1) is the petitioner the legal widow of the deceased, and (2), if not is she entitled to death benefits as a dependent?

Petitioner contends that the presumption of validity of a marriage is strong enough to overcome any impediment not *conclusively* proven, in this instance the lack of a divorce dissolving the prior marriage of petitioner. Petitioner's contention has great merit as the presumption is admittedly very powerful but we do not believe it is as far reaching as petitioner contends. Respondent commission as the trier of fact found on conflicting evidence that a divorce had not been obtained. As there is sufficient evidence to support the finding this court is bound by it.

We do believe, however, that petitioner is entitled to death benefits as a dependent. There is no conflicting evidence as to the question of dependency. The deceased was petitioner's sole means of support from the time of the purported marriage in 1939 until the fatal accident in 1950. Section 56–953, subsection 8, of our workmen's compensation law states: "If there be no dependents in the foregoing schedule dependency shall be determined according to the facts as of the time of the injury; * * *."

The facts as of the time of the injury clearly indicate petitioner's dependency on the deceased for support. Where the evidence as to dependency is not in conflict, the question of total dependency becomes one of law only. Magma Copper Co. v. Aldrete, 70 Ariz. 48, 216 P.2d 392. We hold that petitioner was totally dependent on the deceased for her support at the time of the injury. There are no qualifications attached to the question of dependency. There are no requirements of blood or marital relationship set up to guide the Industrial Commission in its determination of the fact of dependency. It is evident, therefore, that the legislature intended anyone who was *in fact* dependent upon the deceased to be entitled to death benefits under the above-quoted section of our code.

There is no evidence to support respondent's finding that petitioner wilfully misrepresented her marital status and thereby was precluded from death benefits as a dependent. There is no showing of bad faith in any way. The evidence clearly shows petitioner considered herself to be the lawfully wedded wife of the deceased and entitled to death benefits as a widow. The parties lived together for eleven years as husband and wife in the belief that they were legally husband and wife. There has been no showing to the contrary. We do not believe petitioner's

claim for death benefits as a widow was such wilful misrepresentation of facts as to preclude the right to death benefits as a dependent within the provisions of Section 56–977, A.C.A. 1939.

As the amount of death benefits due to dependents under Section 56–953, subsection 8, of the workmen's compensation law, is not stated, we believe that to be a question determinable only by the Industrial Commission.

We hold that petitioner, Malle Hodges, is entitled to death benefits under Section 56–953, subsection 8, A.C.A. 1939, because of her many years of total dependency on the deceased for support.

Award set aside.

UDALL, C. J., and PHELPS, DE CONCINI and LA PRADE, JJ., concurring.