(No. 46478.—

INVENTORY SERVICE CORPORATION, Appellee, v. THE INDUSTRIAL COMMISSION *et al.*—(Carol Ann Guetersloh, as parent and natural guardian of Glenda Guetersloh, natural daughter of Wynn B. Coppenbarger, Appellant.)

*Opinion filed November 25, 1975.*

CREBS, J., took no part.

Bayler & Noetzel, of Peoria (Henry D. Noetzel, of counsel), for appellant.

John E. Cassidy, Jr., of Cassidy, Cassidy & Mueller, of Peoria, for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

An application for an adjustment of claim was filed before the Industrial Commission for fatal injuries Wynn B. Coppenbarger (decedent) sustained which arose out of and in the course of his employment with Inventory Service Corporation (employer) in October 1968. The arbitrator entered an award on behalf of "Glenda Guetersloh [claimant], minor daughter of the decedent," pursuant to section 7(a) of the Workmen's Compensation Act.

(Ill. Rev. Stat. 1967, ch. 48, par. 138.7(a).) The Industrial Commission sustained the award, but on *certiorari* to the circuit court of Peoria County the award was set aside. The sole issue presented in this direct appeal is whether under section 7(a) decedent left a dependent whom he had a legal obligation to support at the time of the accident.

There is no dispute as to the facts relevant to consideration of this appeal. The decedent and Carol Coppenbarger, the natural mother of claimant, were married in 1963. In 1964 she gave birth to Glenda during said marriage, and was granted a divorce in 1966. By the terms of the divorce decree she was awarded custody of the child and decedent was ordered to pay $15 per week as partial child support. That same year she married James Guetersloh, who in June 1967 adopted Glenda. The adoption decree recited that decedent had not made child support payments for more than one year prior thereto or made any attempt to visit his child. The adoption decree directed that "Wynn Bradley Coppenbarger, be and is hereby deprived of all legal rights as respect to said child and that said child be freed of all obligations whatsoever to said natural parent."

The parties stipulate that James Guetersloh is regularly employed and supporting his family. They further agree that, except for the dispute as to the status of Glenda, there are no dependents that decedent was under an obligation to support at the time of the accident.

There are two statutes relevant to determination of this appeal. Section 7 of the Workmen's Compensation Act provided:

> "The amount of compensation which shall be paid for an accidental injury to the employee resulting in death shall be:
>
> (a) If the employee leaves any widow, child or children *whom he was under legal obligation to support at the time of his accident,* a sum equal to \*\*\*." (Emphasis added.) (Ill. Rev. Stat. 1967, ch. 48, par. 138.7(a).)

Section 17 of the Adoption Act provided:

> "After the entry either of an order terminating parental rights or the entry of a decree of adoption, the natural parents of a child sought to be adopted *shall be relieved of all parental responsibility for such child* and shall be deprived of all legal rights as respects the child, \*\*\*." (Emphasis added.) Ill. Rev. Stat 1967, ch. 4, par. 9.1—17.

Claimant contends that under the applicable provisions of section 7(a) and the undisputed facts of this case there is no necessity to show need or actual support by the decedent in order to sustain a recovery. (*Snyder v. Industrial Com.* (1969), 42 Ill.2d 18, 21.) It is claimant's position that her adoption by James Guetersloh prior to the accidental death of her natural father could not deprive her of the right to seek support from her natural father should her adoptive father become unable to support her. She concludes that this legal obligation to support entitles her to benefits under section 7(a).

The employer maintains that the statutory scheme is to provide for minor children who are substantially dependent upon the employee at the time of the accident which results in the death of the employee.

The employer concedes that section 7(a) has been held to "set up a subcategory of persons, specifically the surviving widow and child or children, who are conclusively presumed to be dependent upon the deceased because he was under a legal obligation to support them at the time of the accident." (*Yellow Cab Co. v. Industrial Com.* (1969), 42 Ill.2d 226, 230.) But it argues that the legal obligation to support claimant in this case was not an existing fact at the time of the accident because claimant was fully supported by her adoptive father and was not dependent upon the decedent.

The issue of whether an adopted child may recover compensation benefits due to the accidental death of her natural father from work-related injuries has arisen in other jurisdictions. Under their varying respective statutes,

several courts have allowed recovery when the adoption preceded the fatal accident (*Snook v. Herrmann* (Iowa 1968), 161 N.W.2d 185; *Holland Construction Co. v. Sullivan* (1952), 220 Ark. 895, 251 S.W.2d 120; *Shulman v. New York Board of Fire Underwriters* (1962), 15 App. Div. 2d 700, 223 N.Y.S.2d 312) while other decisions refuse to extend benefits (*W.R. Fairchild Construction Co. v. Owens* (Miss. 1969), 224 So. 2d 571; *Patton v. Shamburger* (Tex. 1968), 431 S.W.2d 506; *New Amsterdam Casualty Co. v. Freeland* (1960), 216 Ga. 491, 117 S.E.2d 538). See generally, 2 Larson, The Law of Workmen's Compensation, sec. 62.30 (1974).

Even if we assume the existence of an ultimate liability of a natural parent to support his children under section 17 of the Adoption Act as suggested by claimant, we do not believe such construction would be controlling. Section 7(a) provides that the legal obligation to support must exist at the time of the accident which causes the death of the natural parent. It is undisputed that at the time of decedent's accident there was no present obligation to support claimant. While it would not be necessary to actually establish that the child was completely dependent upon the decedent, we are of the opinion that in order to award death benefits to minors under that portion of section 7(a), now at issue, it must be established that a legally enforceable basis for the dependency existed at the time of the employee's accident. To hold otherwise would be to misconstrue the legislative intent plainly evident from the language of section 7(a).

Accordingly, the judgment of the circuit court of Peoria County is affirmed.

*Judgment affirmed.*

MR. JUSTICE CREBS took no part in the consideration or decision of this case.