593 P.2d 934

**DIESEL DRIVERS, Petitioner Employer,**

**Mission Insurance Company, Petitioner Carrier,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Harrison Bittinger, Deceased, Carol Bittinger, widow, Monica Galla Juan, Michael Luis Juan, Joseph William Bryan Leach and Robert Patrick Juan, Individually and by their guardian ad Litem, Carol Bittinger, Respondent Dependents.**

**No. 1 CA–IC 1933.**

Court of Appeals of Arizona, Division 1, Department C.

Feb. 15, 1979.

Rehearing Denied March 20, 1979.

Review Granted April 3, 1979.

Lewis & Roca by Merton E. Marks and R. Kent Klein, Phoenix, for petitioners.

John H. Budd, Jr., Chief Counsel, Phoenix, for respondent The Industrial Commission of Arizona.

Chris T. Johnson, P. C. by Chris T. Johnson and Dennis R. Kurth, Phoenix, for respondent dependents.

## OPINION

HAIRE, Judge.

On this review of an award entered by the respondent Commission's hearing officer in a workmen's compensation proceeding, the sole issue concerns the amount of death benefits payable to the unadopted minor stepchildren of the deceased workman.

The deceased employee, Harrison Bittinger, died on April 14, 1976, as a result of an accident arising out of and in the course of his employment. Approximately six weeks prior to his death he had married his surviving widow, Carol Bittinger, who was the natural mother of the four minor children whose claims for death benefits are urged in this review. At the time of Harrison Bittinger's injury and death, Mrs. Bittinger was employed, and was receiving the sum of $50 per month from the natural father of one of the children for that child's support. All monies received by the deceased and the widow were used for the use and benefit of themselves and the support of the four children from the time of their marriage to the date of Mr. Bittinger's death.

In due course Mrs. Bittinger filed a claim for death benefits on behalf of herself and her four minor children (decedent's stepchildren). The carrier eventually accepted the claim, and requested that the Commission determine the amount of death benefits payable to the children.[1]

Thereafter a hearing was held before a Commission hearing officer. After considering the evidence presented and the legal arguments of the parties, the hearing officer entered his decision finding that factually the four minor stepchildren were only partially dependent upon the deceased employee. He further concluded that upon a factual finding of partial dependency of

---

1. The carrier accepted the claim for widow's benefits, and no issue in that regard was presented to the Commission or on this appeal.

the stepchildren the conclusive presumption of *total* dependency provided by A.R.S. § 23–1064 A(3) for a "natural, posthumous or adopted child" could be applied in the discretion of the Commission. Exercising that claimed discretion, the hearing officer then determined that under the facts presented "the claiming partially dependent minor stepchildren should be considered within the scope of *A.R.S.* § 23–1064 A(3), and be deemed to be conclusively presumed totally dependent upon the deceased. . . ." He then entered an award of death benefits for the four minor stepchildren based upon this presumed total dependency.

The carrier and employer have timely requested review by this Court, urging that the conclusive presumption of total dependency provided by A.R.S. § 23–1064 A(3) is not applicable to unadopted stepchildren, and that the hearing officer's award of death benefits to the stepchildren should have been based upon the hearing officer's

factual finding of partial dependency, with the amount being determined in accordance with the provisions of A.R.S. § 23–1046 B. Although the statute is susceptible to differing interpretations, our review of the statutes involved and the prior decisional law of this state persuades us that the Commission's hearing officer did not err in applying the conclusive presumption of total dependency under the facts of this case.

Two statutes must be considered in determining the question presented on this review. Subsections A and B of A.R.S. § 23–1046 authorize the payment of death benefits to certain survivors and set forth the standards for determining the amount and duration of such payments. A.R.S. § 23–1064, in essence, sets forth certain presumptions of total dependency for death benefit purposes, together with evidentiary guidelines as to the point in time when questions of dependency and the extent thereof shall be determined.[2]

2. A.R.S. § 23–1046 A and B provide as follows:

"§ 23–1046. Death benefits

"A. In case of an injury causing death, the compensation therefor shall be known as a death benefit, and shall be payable in the amount, for the period, and to and for the benefit of the persons following:

"1. Burial expenses, not to exceed one thousand dollars, in addition to the compensation.

"2. To the surviving spouse, if there is no child, thirty-five per cent of the average wage of the deceased, to be paid until such spouse's death or remarriage, with two years' compensation in one sum upon remarriage.

"3. To the widow or widower, if there is a child or children, the additional amount of fifteen per cent of such wage for each child until *the age of eighteen years, the total not to exceed* sixty-six and two-thirds per cent of the average wage.

"4. To a single surviving child, in the case of the subsequent death of a surviving husband or wife, or if there is no surviving husband or wife, twenty-five per cent of such average wages, or if there is more than one surviving child, twenty-five per cent for one child, and fifteen per cent for each additional child, to be divided among such children share and share alike, but not exceeding a total of sixty-six and two-thirds per cent of the average wage. Compensation to any such child shall cease upon death, marriage or upon reaching the age of eighteen years, except, if over eighteen years and incapable of self-support, when it becomes capable of self-support.

"5. To a parent, if there is no surviving husband, wife or child under the age of eighteen years, if wholly dependent for support upon the deceased employee at the time of his death, twenty-five per cent of the average monthly wage of the deceased during dependency, with an added allowance of fifteen per cent if two dependent parents survive, and, if neither parent is wholly dependent but one or both partly dependent, fifteen per cent divided between them share and share alike.

"6. To brothers or sisters under the age of eighteen years, if there is no surviving husband or wife, dependent children under the age of eighteen years or dependent parent, the following shall govern:

(a) If one of the brothers or sisters is wholly dependent upon the deceased employee for support at the time of injury causing death, twenty-five per cent of the average monthly wage until the age of eighteen years.

(b) If more than one brother or sister is wholly dependent, thirty-five per cent of the average monthly wage at the time of injury causing death, divided among such dependents share and share alike.

(c) If none of the brothers or sisters is wholly dependent, but one or more partly dependent, fifteen per cent divided among such dependents share and share alike.

"B. If the deceased employee leaves dependents only partially dependent upon his earnings for support at the time of the injury, the monthly compensation shall be equal to such proportion of the monthly payments for the benefit of persons totally dependent as the

The argument advanced in support of the hearing officer's award is based upon that portion of § 23–1064 A(3) which provides that "Stepparents may be regarded as parents, if dependent, and a stepchild as a natural child if dependent." The respondent-widow urges that inasmuch as there has been a showing of partial dependency in this case, the stepchildren have met the statutory precondition, and are now to be regarded as natural children and thus entitled to a conclusive presumption of total dependency as provided in § 23–1064 A(3). In opposition, the carrier urges the apparent incongruity of requiring a finding of factual dependency as a precondition to the application of a presumption of total dependency, and asserts that the only purpose of the above-quoted language allowing a stepchild to be treated as a natural child upon a showing of dependency is to bring the stepchild within the permitted class of beneficiaries authorized by § 23–1046 A to receive death benefits. Once factual dependency of a stepchild has been determined, the carrier's argument continues, unless there is a showing of total dependency, the amount of the death benefit must be determined in accordance with the partial

dependency provisions of A.R.S. § 23–1046 B, which provides an apportionment standard for the determination of the amount of death benefits payable to "dependents partially dependent" upon the decedent at the time of his death.

While the carrier's argument does present a possible construction and interpretation based upon the present language of the statute, when consideration is given to the statutory evolution of A.R.S. § 23–1064 A(3), this Court is persuaded that the original legislative intent was to make the statutory presumption of total dependency available to a stepchild.

As presently written, A.R.S. § 23–1064 A(3) gives a natural child under the age of 18 years a conclusive presumption of total dependency upon the deceased parent, regardless of what the facts might show regarding the child's actual dependency. This was not always the case. The origins of § 23–1064 A(3) can be traced to the provisions of § 72(a)(3) Laws of 1925, Chap. 83.[3] From the language of § 72(a)(3), it is apparent that originally even a natural child was not entitled to a conclusive presumption of total dependency unless two preconditions

amount contributed by the employee to such partial dependents bears to the average wage of the deceased at the time of the injury resulting in his death. The duration of compensation to partial dependents shall be fixed by the commission in accordance with the facts shown, and in accordance with the provisions of § 23–1047, but shall in no case exceed compensation for one hundred months."

A.R.S. § 23–1064 reads as follows:

"§ 23–1064. Presumptions of dependency; determination

"A. The following persons are conclusively presumed to be totally dependent for support upon a deceased employee:

"1. A wife upon a husband whom she has not voluntarily abandoned at the time of the injury.

"2. A husband upon a wife whom he has not voluntarily abandoned at the time of the injury.

"3. A natural, posthumous or adopted child under the age of eighteen years, or over that age if physically or mentally incapacitated from wage earning, upon the injured parent. Stepparents may be regarded as parents, if dependent, and a stepchild as a natural child if dependent.

"B. Questions of dependency and the extent thereof shall be determined as of the date of the injury to the employee and the dependent's right to any death benefit shall become fixed as of such time irrespective of any subsequent change in conditions, and the death benefits shall be directly recoverable by and payable to the dependent entitled thereto."

3. Laws of 1925, Chap. 83, § 72(a)(3) reads as follows:

"Section 72. (a) The following persons shall be conclusively presumed to be totally dependent for support upon a deceased employee:

\* \* \* \* \* \*

"3. A natural, posthumous, or adopted child or children, whether legitimate or illegitimate, under the age of eighteen years, or over that age if physically or mentally incapacitated from wage earning, upon the parent with whom he or they are living at the time of the injury resulting in the death of such parent, there being no surviving parent. Step-parents may be regarded in this Act as parents, if the fact of dependency is shown, and a step-child or step-children may be regarded in this Act as a natural child or children, if the existence and fact of dependency is shown."

were shown to have existed: (1) that the natural child was living with the deceased employee at the time of the injury, and (2) that there was no surviving parent. Given these requirements, it is not illogical to assume that when the legislature provided in the next succeeding sentence that stepparents were to be regarded as parents if dependent, and a stepchild as a natural child if dependent, the intent was to provide that in a stepparent-stepchild relationship a conclusive presumption of total dependency would be available when there was a showing that at the time of the stepparent's injury the stepchild was living with that stepparent, that the stepchild had no surviving parent, and that the stepchild was to some extent dependent upon the deceased stepparent. We recognize that the use of the words "in this Act" in § 72(a)(3), created an implication that a broader purpose for the stepparent-stepchild provision was intended than that which we ascribe above. We do not necessarily negate such a broader purpose. We are, however, of the opinion, based upon the placement of the provision within the statutory subsection otherwise dealing exclusively with evidentiary presumptions, that at a minimum there was an intent to make the conclusive presumption of total dependency available in a stepparent-stepchild relationship upon proof of the statutory preconditions then required.

The opinion of the Arizona Supreme Court in *Magma Copper Co. v. Aldrete*, 70 Ariz. 48, 216 P.2d 392 (1950), is arguably contrary to the result we reach here. That opinion involved the question of whether a stepson was entitled to death benefits, and the Court stated:

"Here we are considering only the rights of a stepchild who, as a matter of law, is not 'conclusively presumed' to be totally dependent upon the stepparent with whom it was living at the time of injury causing death. Section 56–960 very clearly makes an exception of stepchildren in that the statute specifically provides: 'Step-parents may be regarded as parents, if dependent, *and a step-child as*

*a natural child if dependent.*' [Emphasis in original].

\*    \*    \*    \*    \*    \*

"  .  .  .  we hold that Charles Higuera [the stepchild] does not fall within the class 'conclusively presumed' to be totally dependent, and that before any award can be made to the widow on account of the stepchild it would have to be established that the child was in fact totally or partially dependent upon the step-father for support and maintenance at the time of the injury which caused the latter's death."

70 Ariz. at 51, 52, 216 P.2d at 394–5

However, the facts in that case reveal that the stepson had a surviving natural parent (his mother who lived with the deceased) and therefore, in any event, the statutory preconditions (in the form of the statute as it existed at that time) were not satisfied so as to even arguably make available the conclusive presumption of total dependency. We therefore do not consider *Aldrete* as controlling insofar as concerns the disposition of the question presented on this review.

In 1961, apparently in response to the Arizona Supreme Court's decision in *Thomas v. Industrial Commission*, 87 Ariz. 238, 350 P.2d 392 (1960), the provisions of § 23–1064 A(3) were amended so that it was no longer necessary, as a precondition to the application of the conclusive presumption of total dependency, to show that the child was (1) living with the deceased parent at the time of injury, or (2) that there was no surviving natural parent. *See* Laws 1961, Chap. 101, § 1. We see nothing in this amendment that would indicate a legislative intention to make any additional differentiation, other than that which previously existed, between the natural child and the stepchild insofar as concerns the application of the statutory presumption. Under the plain, unamended language of the statute, the stepchild was still to be regarded as a natural child, "if dependent". As we have previously indicated in this opinion, once there is any showing of the stepparent-stepchild relationship, together with a

factual showing of any dependency, the statutory presumption of total dependency comes into effect and governs the amount of the dependency benefits available to the surviving stepchild.

■ Inasmuch as the hearing officer correctly applied the presumption of total dependency in determining the benefits available to the surviving stepchildren in this case, the award must be affirmed. In arriving at this result, we have also considered the carrier's contention that the application of a conclusive presumption of total dependency to a partially dependent stepchild could conceivably result in an unjust diminution of the benefits that might otherwise be available for the support of wholly dependent natural children. We agree that one could hypothesize anomalous factual situations involving a mixture of surviving stepchildren and natural children that would result in a seemingly unjust distribution of death benefits. Similarly anomalous factual situations may also be hypothesized that only involve a mixture of factually nondependent and factually dependent natural children in which the application of the conclusive presumption of total dependency would result in a seemingly unjust distribution of death benefits. Such variations result from the general application of evidentiary presumptions, and are to be expected when the presumption is made conclusive. As long as there is some rational connection between the fact proved and the ultimate fact presumed, we perceive no justification for interference by this Court with the legislatively imposed standard. *See generally* C. McCormick, Law of Evidence, § 313 (1954).

■ The carrier further contends that a construction of § 23–1064 A(3) that would apply the conclusive presumption of total dependency to a stepchild upon a showing of partial dependency, would render meaningless the provisions of A.R.S. § 23–1046 B.

Based upon this premise, the carrier urges that the failure of the legislature to repeal § 23–1046 B when it last amended that section (at which time subparagraph (8) was deleted) demonstrates an intent that § 23–1046 B was applicable, and was to remain applicable, for the determination of the death benefits payable to partially dependent stepchildren. It is true that the successive effects of legislative action and case law removing partly dependent parents;[4] natural children;[5] and other unspecified dependents[6] from any possible application of the partial dependency provisions of § 23–1046 B have considerable lessened that statute's impact upon the determination of the amount of death benefits to which surviving dependents might be entitled. However, we reject the carrier's argument that there remains no other class of dependents to whom the partial dependency provisions of § 23–1046 B might be applicable. We can conceive of a situation involving a surviving husband or wife in which the conclusive presumption of total dependency provided by § 23–1064 A(1) and (2) might not be available because of a voluntary abandonment by the surviving spouse. In such a situation, it would appear that total or partial dependency could nevertheless be factually proven without benefit of the statutory presumption, and in the event of proof of only partial dependency, then § 23–1046 B would provide the applicable standard for determining the amount payable. See generally *Ocean Accident And Guarantee v. Industrial Commission*, 32 Ariz. 54, 255 P. 598 (1927), regarding the interrelationship of the statutory antecedents of A.R.S. § 23–1046 and § 23–1064.

■■ Although the award made in this case was correct and therefore must be affirmed, we reject the hearing officer's legal conclusion to the effect that upon a factual showing of partial dependency the Commission is vested with "unbridled discretion" to apply, or not to apply, as it sees

4. *See* Laws 1939, Chap. 28, § 7.

5. *See* Laws 1961, Chap. 101, § 1.

6. *See State Compensation Fund v. De La Fuente*, 18 Ariz.App. 246, 501 P.2d 422 (1972), order granting petition for review vacated, 109 Ariz. 439, 511 P.2d 621 (1973); Laws 1974, Chap. 184, § 17.

fit, the conclusive presumption of total dependency provided by § 23–1064 A(3). Such a construction would, in our opinion, constitute an unlawful delegation of legislative authority. *See State Compensation Fund v. De La Fuente, supra,* note 6. We hold that once the hearing officer finds as a fact the existence of partial dependency, then the presumption of total dependency becomes applicable, and for the purpose of calculating death benefits the stepchild must then be regarded in all respects as though the relationship was that of a natural child.

The award is affirmed.

EUBANK, P. J. and FROEB, J., concurring.