609 P.2d 1066

John R. HOLDER (deceased); Robert David Cuddeby and Kristy Ann Cuddeby, Individually and by their guardian ad litem, Alice Cuddeby, Petitioners,

v.

The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

Valley Sprayers & Dusters Service, Inc., Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 2228.

Court of Appeals of Arizona,
Division 1,
Department C.

Feb. 19, 1980.

Rehearing Denied March 25, 1980.

Review Denied April 15, 1980.

Moore, Demaree & Long by James B. Long, Phoenix, for petitioners.

Calvin Harris, Chief Counsel, The Industrial Commission of Ariz., Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund, by John R. Greer, Phoenix, for respondents employer and carrier.

## OPINION

JACOBSON, Judge.

The issue presented in this review of an award of the Industrial Commission is whether a deceased workman's natural children who were legally adopted by another prior to the workman's industrial injury which resulted in death are entitled to death benefits under the Workmen's Compensation Act.

The facts giving rise to this issue were stipulated and therefore not disputed. The decedent, John R. Holder, and Alice Pringle (now Cuddeby) were married on July 19, 1964. During the course of that marriage, two children were born: Robert David Holder and Kristy Ann Holder (the minor claimants here). This marriage ended in divorce and Alice married Gordon W. Cuddeby. On September 4, 1970, Gordon Cuddeby formally adopted Robert David and Kristy Ann and their names were changed to Robert David Cuddeby and Kristy Ann Cuddeby. At the time of John Holder's death, these children were being supported by Gordon Cuddeby.

On October 5, 1976, John Holder, while in the course and scope of his employment as a crop duster for Valley Sprayers and Dusters Service, Inc., was fatally injured in an airplane crash.

Alice Cuddeby, as guardian ad litem, claimed death benefits for the minor claimants as the result of the death of their natural father. This claim was denied by the carrier and upon these stipulated facts the hearing officer entered an award denying benefits on the basis that the adoption of the decedent's children by another severed the rights of those children to a conclusive presumption of dependency under A.R.S. § 23–1064(A). After affirmance on administrative review, review of that award was sought in this court.

Arizona Revised Statutes § 23–1064 provides as follows:

"A. · The following persons are conclusively presumed to be totally dependent for support upon a deceased employee:

"1. A wife upon a husband whom she has not voluntarily abandoned at the time of the injury.

"2. A husband upon a wife whom he has not voluntarily abandoned at the time of the injury.

"3. A natural, posthumous or adopted child under the age of eighteen years, or over that age if physically or mentally incapacitated from wage earning, upon the injured parent. Stepparents may be regarded as parents, if dependent, and a stepchild as a natural child if dependent.

"B. Questions of dependency and the extent thereof shall be determined as of the date of the injury to the employee and the dependent's right to any death benefit shall become fixed as of such time irrespective of any subsequent change in conditions, and the death benefits shall be directly recoverable by and payable to the dependent entitled thereto."

It is basically claimants' position that this statute is clear and unambiguous; that it provides a conclusive presumption that "natural" children are totally dependent; and that since the claimants are "natural" children of the deceased they are automatically entitled to benefits.

On the other hand, the respondents argue that A.R.S. § 23–1064 must be read in conjunction with all the adoption statutes and specifically A.R.S. § 8–117, which provides:

"A. Upon entry of the decree of adoption, the relationship of parent and child and all the legal rights, privileges, duties, obligations and other legal consequences of the natural relationship of child and parent shall thereafter exist between the adopted person and the adoptive petitioner the same as though the child were born to the adoptive petitioner in lawful wedlock. The adopted child shall be entitled to inherit real and personal property from and through the adoptive petitioner and the adoptive petitioner shall be entitled to inherit real and personal property from and through the adopted child the same as though the child were born to the adoptive petitioner in lawful wedlock.

"B. Upon entry of the decree of adoption, the relationship of parent and child between the adopted person and the persons who were his parents just prior to the decree of adoption shall be completely severed and all the legal rights, privileges, duties, obligations and other legal consequences of the relationship shall cease to exist, including the right of inheritance, except that where the adoption is by the spouse of the child's parent, the relationship of the child to such parent shall remain unchanged by the decree of adoption."

We first note that A.R.S. § 23–1064 is not as free from ambiguity as the claimants would assume. While the statute provides, "the following persons are *conclusively presumed* to be totally dependent," listed are stepparents[1] and stepchildren "if dependent." (Emphasis added). Thus, listed in the statute itself are individuals who, in order to obtain benefits, must be factually dependent as compared to conclusively presumed dependent.

Also, to apply claimants' definition of "natural" child, would serve to create a relationship which never changes, resulting in unequal treatment of other "conclusively presumed" dependents. Under claimants' definition, a natural child, although adopted before the injury, would receive benefits, because the relationship of child to parent would never change. An equally conclusively presumed dependent is an adopted child. However that parent/child relationship is one which is legally created and its legal status is subject to change. Thus an adopted child who is readopted by another prior to injury and whose legal relationship to its former adoptive parents would terminate, would not, under A.R.S. § 23–1064(B), be entitled to benefits. Why the legislature would make such a distinction escapes us.

We point these matters out simply to emphasize that this statute of necessity requires interpretation and integration with both the general scheme of the Workmen's Compensation Act and the rest of the general law dealing with legally recognized relationships.

■ The underlying thrust of Workmen's Compensation law was to relieve the individual workman and his dependents from the loss sustained by industrial injuries and place the burden upon industry as a whole. *Hannon v. Industrial Commission*, 9 Ariz. App. 231, 451 P.2d 44 (1969). The theory is to compensate the workman for financial loss and loss of earning capacity. *Maness v. Industrial Commission*, 102 Ariz. 557, 434 P.2d 643 (1967); *Inspiration Consolidated Copper Co. v. Smith*, 78 Ariz. 355, 280 P.2d 273 (1955), and thus prevent him and his dependents from becoming public charges. *Powell v. Industrial Commission*, 104 Ariz. 257, 451 P.2d 37 (1969). However, the Workmen's Compensation laws were not intended to provide general health and accident insurance coverage or life insurance coverage. *Matlock v. Industrial Commission*, 70 Ariz. 25, 215 P.2d 612 (1950).

---

1. Further confusion exists as we are unable to determine to what benefits "parents" or "stepparents" are entitled.

■ The theme running through this entire scheme is that "windfalls" are not to be provided. Thus to justify allowing benefits to those conclusively presumed to be dependent upon an injured workman, there must exist some logical basis for the presumption.

It is in this philosophical milieu that the conclusive presumption of dependency created for "natural, posthumous or adopted" children by A.R.S. § 23–1064 must be read. When so viewed, it is the *legal* relationship which exists at the time of injury between the deceased employee and the beneficiary which gives rise to the conclusive presumption of dependency rather than some biological relationship which creates no legal rights. If this be so, then it necessarily follows that if the *legal* relationship ceases to exist, dependency also ceases to exist.

Arizona Revised Statutes § 8–117(B) specifically provides that "[u]pon entry of the decree of adoption, the *relationship* of parent and child between the adopted person and the persons who were his parents just prior to the decree of adoption *shall be completely severed* and all the legal rights, privileges, duties, obligations and other legal consequences of the relationship *shall cease to exist* . . . ." (Emphasis added.)

Nothing could be clearer. The legal relationship from which benefits flow under A.R.S. § 23–1064 has ceased to exist between the decedent and the claimants prior to the decedent's injury. This is because of the decree of adoption and the legal effect given to that decree by A.R.S. § 8–117. Entitlement to benefits under A.R.S. § 23–1064 likewise ceases to exist. To hold otherwise would turn Workmen's Compensation benefits payable under the Act into general life insurance benefits.

Cases from other jurisdictions support the conclusion we reach here. *Truitt v. Industrial Commission*, 31 Colo.App. 166, 499 P.2d 621 (1972); *New Amsterdam Casualty Co. v. Freeland*, 216 Ga. 491, 117 S.E.2d 538 (1960); *Inventory Service Corp. v. Industrial Commission*, 62 Ill.2d 34, 338 N.E.2d 377 (1975); *Theodore v. Packing Materials Inc.*, 396 Mich. 152, 240 N.W.2d 255 (1976); *W. R. Fairchild Construction Co. v. Owens*, 224 So.2d 571 (Miss.1969); *Patton v. Shamburger*, 431 S.W.2d 506 (Tex.1968), rev'g 413 S.W.2d 155 (Tex.Civ.App.1967). For contrary cases, which we decline to follow, see *Holland Construction Co. v. Sullivan*, 220 Ark. 895, 251 S.W.2d 120 (1952); *Snook v. Herrmann*, 161 N.W.2d 185 (Iowa 1968); *Shulman v. New York Board of Fire Underwriters*, 15 A.D.2d 700, 223 N.Y.S.2d 312 (1962).

■ We next consider claimants' argument that the application of A.R.S. § 8–117 in considering the entitlement to benefits under Workmen's Compensation law is unconstitutional in light of the Arizona Constitution, article 18, § 8. That provision in part states:

"The percentages and amounts of compensation provided in House Bill No. 227 enacted by the Seventh Legislature of the State of Arizona, shall never be reduced nor any industry included within the provision of said House Bill No. 227 eliminated except by initiated or referred measure as provided by this Constitution."

Petitioners argue that since the adoption statute in effect at the time the Workmen's Compensation Act was first enacted did not as clearly sever all legal relationships between natural parent and child, the more restrictive provisions of A.R.S. § 8–117 unconstitutionally narrow the category of persons entitled to benefits under the Act.[2]

---

**2.** In effect at the time of the enactment of the Workmen's Compensation Act in 1925 were the adoption statutes of the Civil Code of 1913, §§ 1195 and 1196 which provided:

"1195. A child, when adopted, may take the family name of the person adopting. After adoption, the two shall sustain toward each other the legal relation of parent and child, and have all the rights and be subject to all the duties of that relation.

"1196. The parents of an adopted child are, from the time of the adoption, relieved of all parental duties towards, and all responsibility for the child so adopted, and have no right over it."

We do not agree that the application of A.R.S. § 8–117 is unconstitutional for the reason that it impairs rights to benefits that existed at the time the Workmen's Compensation Act was enacted in 1925. First, article 18, § 8 of the Arizona Constitution provides that compensation shall be paid "to any such workman . . . and to his dependents, as defined by law." Arguably, the drafters contemplated that who may qualify as a dependent could change in the course of time. More significantly, we note that under the original Workmen's Compensation Act, natural children were not entitled to the conclusive presumption of dependency that they now enjoy. *Diesel Drivers v. Industrial Commission*, 122 Ariz. 184, 593 P.2d 934 (App.), *approved and adopted*, 122 Ariz. 116, 593 P.2d 670 (1979). Rather, 1925 Ariz.Sess.Laws, Chap. 83, § 72(a)(3) reads as follows:

"Section 72. (a) The following persons shall be conclusively presumed to be totally dependent for support upon a deceased employee:

\* \* \* \* \* \*

"3. A natural, posthumous, or adopted child or children, whether legitimate or illegitimate, under the age of eighteen years, or over that age if physically or mentally incapacitated from wage earning, upon the parent with whom he or they are living at the time of the injury resulting in the death of such parent, there being no surviving parent. Stepparents may be regarded in this Act as parents, if the fact of dependency is shown, and a step-child or step-children may be regarded in this Act as a natural child or children, if the existence and fact of dependency is shown."

The children involved in this litigation were not living with the deceased employee at the time of injury, were not dependent on decedent, and there was a surviving parent. Therefore, these children would not have been entitled to death benefits under the original Act. We therefore find that A.R.S. § 8–117 which severs all legal obligations and rights between natural parents and children adopted by another does not unconstitutionally restrict the class of beneficiaries that existed under the 1925 Workmen's Compensation Act.

For the foregoing reasons, we conclude that the hearing officer correctly determined that the petitioner's right to a conclusive presumption of dependency as natural children under A.R.S. § 23–1064(A) was severed by virtue of their adoption by another party pursuant to A.R.S. § 8–117.

The award is affirmed.

CONTRERAS, P. J., and OGG, C. J., Division 1, concur.