845 P.2d 501

**CARONDELET HEALTH SERVICES, self-insured employer, Petitioner Employer,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Laura Timmons (Deceased), and Ila M. HIESTER, real party in interest, Respondent Employee.**

**No. 2 CA–IC 92–0020.**

Court of Appeals of Arizona, Division 2, Department A.

Aug. 6, 1992.

Review Denied Feb. 17, 1993.

Kimble, Gothreau & Nelson, P.C. by Frank W. Frey, Tucson, for petitioner employer.

Industrial Commission of Arizona by Anita R. Valainis, Chief Counsel, Phoenix, for respondent.

Dee–Dee Samet, Tucson, for respondent employee.

LACAGNINA, Presiding Judge.

In this appeal we must decide whether death benefits awarded under A.R.S. § 23–1046 are limited to the class of dependents specified in subsection A of the statute. We hold that they are so limited and set aside the award by the Industrial Commission allowing death benefits to be paid to the deceased employee's 64–year–old sister.

Laura Joanne Timmons, the deceased employee, was born to Ila May Hiester when Hiester was 17 years old. Hiester's mother and stepfather adopted Timmons and raised her as Hiester's sister.[1] Hiester married and left home when Timmons was 12 years old. When Timmons turned 18, she came to live with Hiester and did so until Timmons' death in 1991. In 1981, Timmons began paying the bills. In 1990, Hiester retired and began receiving social security benefits. Timmons continued paying Hiester's living expenses. On April 8, 1991, Timmons injured her Achilles tendon while working at St. Mary's Hospital, owned by Carondelet Health Services. On April 10, she filed a claim for workers' compensation benefits. On April 13, she underwent surgical repair and died on April 19 as a result of complications from the surgery. Carondelet concedes that Hiester was in fact partially dependent on Timmons. The administrative law judge found that Hiester was a dependent under the provisions of A.R.S. § 23–1046 and therefore entitled to benefits. Carondelet seeks special action review of the award.

---

1. We acknowledge that Hiester is Laura's biological mother. However, because her parental rights were terminated when her parents adopted Laura, Hiester cannot claim death benefits as Laura's mother under A.R.S. § 23–1046.

Section 23–1046(A) and (B) provide as follows:

A. In case of an injury causing death, the compensation therefor shall be known as a death benefit, and shall be payable in the amount, for the period, and to and for the benefit of the persons following:

1. Burial expenses, not to exceed three thousand dollars, in addition to the compensation.

2. To the surviving spouse, if there is no child, thirty-five per cent of the average wage of the deceased, to be paid until such spouse's death or remarriage, with two years' compensation in one sum upon remarriage.

3. To the widow or widower, if there is a child or children, the additional amount of fifteen per cent of such wage for each child until the age of eighteen years or until the age of twenty-two years if the child is enrolled as a full-time student in any accredited educational institution, the total not to exceed sixty-six and two-thirds per cent of the average wage.

4. To a single surviving child, in the case of the subsequent death of a surviving husband or wife, or if there is no surviving husband or wife, twenty-five per cent of such average wages, or if there is more than one surviving child, twenty-five per cent for one child, and fifteen per cent for each additional child, to be divided among such children share and share alike, but not exceeding a total of sixty-six and two-thirds per cent of the average wage. Compensation to any such child shall cease upon death, upon marriage or upon reaching the age of eighteen years, except, if over eighteen years and incapable of self-support, when he becomes capable of self-support.

5. To a parent, if there is no surviving husband, wife or child under the age of eighteen years, if wholly dependent for support upon the deceased employee at the time of his death, twenty-five per cent of the average monthly wage of the deceased during dependency, with an added allowance of fifteen per cent if two dependent parents survive, and, if neither parent is wholly dependent, but one or both partly dependent, fifteen per cent divided between them share and share alike.

6. To brothers or sisters under the age of eighteen years, if there is no surviving husband or wife, dependent children under the age of eighteen years or dependent parent, the following shall govern:

(a) If one of the brothers or sisters is wholly dependent upon the deceased employee for support at the time of injury causing death, twenty-five per cent of the average monthly wage until the age of eighteen years.

(b) If more than one brother or sister is wholly dependent, thirty-five per cent of the average monthly wage at the time of injury causing death, divided among such dependents share and share alike.

(c) If none of the brothers or sisters is wholly dependent, but one or more are partly dependent, fifteen per cent divided among such dependents share and share alike.

B. If the deceased employee leaves dependents only partially dependent upon his earnings for support at the time of the injury, the monthly compensation shall be equal to such proportion of the monthly payments for the benefit of persons totally dependent as the amount contributed by the employee to such partial dependents bears to the average wage of the deceased at the time of the injury resulting in his death. The duration of compensation to partial dependents shall be fixed by the commission in accordance with the facts shown, and in accordance with the provisions of § 23–1047, but shall in no case exceed compensation for one hundred months.

Carondelet argues that the operation of subsection B of the statute hinges upon the language in subsection A; subsection B uses the amount of death benefits available to pay to total dependents as outlined in subsection A to calculate the amount of benefits payable to a partial dependent.

The benefits available to a partial dependent are therefore limited by statute to a percentage of the benefits available to a total dependent. Carondelet maintains that § 23–1046(A) exclusively defines those dependents in descending order of entitlement.

Article 18, § 8 of the Arizona Constitution mandates that death benefits be paid to the employees' dependents "as defined by law." The original statute conferring death benefits was enacted in 1925, 1925 Ariz.Sess.Laws, ch. 82, and specified, similar to the current version of the statute, the percentage of the deceased employee's wages to be paid to the surviving spouse, children, and parents or siblings, in that descending order. In addition, § 70(7), which outlined the formula for compensating partial dependents similar to subsection B of the current statute, began with an introductory sentence which followed the list of classes of dependents and their respective allowable benefits:

> 7. *In all other cases,* questions of total or partial dependency shall be determined in accordance with the facts as the facts may be at the time of the injury. [Emphasis added.]

In 1928, the words "in all other cases" were deleted from the statute. However, included in the 1938 amendments is the addition of this sentence,[2] still introducing the subsection of the statute dealing with partial dependency:

> 8. if there be no dependents in the foregoing schedule dependency shall be determined according to the facts as of the time of the injury....

1938 Ariz.Sess.Laws, ch. 28 § 1438a(8). That sentence remained part of the statute for over 33 years. Interpreting this statutory provision as allowing death benefits to a person who was not related to the deceased employee but was in fact dependent, our supreme court reasoned as follows:

There are no qualifications attached to the question of dependency. There are no requirements of blood or marital relationship set up to guide the Industrial Commission in its determination of the fact of dependency. It is evident, therefore, that the legislature intended anyone who was *in fact* dependent upon the deceased to be entitled to death benefits under the above-quoted section of our code.

*Hodges v. Industrial Commission,* 73 Ariz. 326, 328, 241 P.2d 431, 432 (1952) (emphasis in original).

In 1972, Division One of this court found that section of the statute unconstitutional as an invalid attempt to delegate legislative duties to the Industrial Commission without providing adequate standards to guide the exercise of its administrative discretion. *State Compensation Fund v. De la Fuente,* 18 Ariz.App. 246, 249–50, 501 P.2d 422, 425–26 (1972). In 1973, in response to *De la Fuente,* that portion of the statute was deleted by the legislature. We can only conclude from the legislature's deletion of ¶ 8, which described that class of dependents to whom benefits would be payable if not listed in any other subsections of the statute, without additional language as requested by the court in *De la Fuente* to describe "either the amount or the period during which benefits would be paid to ¶ 8 dependents," *id.* at 251, 501 P.2d at 426, that the legislature no longer intends "that if no scheduled related dependents survived, death benefits would be awarded to other unrelated persons dependent in fact upon the deceased workman at the time of his death, without requiring blood or marital relationship." *Id.* at 250, 501 P.2d at 425. Subsection B cannot therefore be read to broaden the class of dependents to include any individual who is in fact depen-

---

2. The legislature added this sentence in response to *Ulbrich v. Tovrea Packing Co.,* 49 Ariz. 269, 273, 66 P.2d 235, 236 (1937), where the supreme court, in commenting on the deletion of the words in the 1928 revised code stated: "it is difficult to believe that the legislative inten-

tion was, for instance, that grandparents, a mother-in-law, father-in-law, or even a child bearing no relation at all, who, the facts disclose, had been supported by the deceased and were actually dependent upon him, could not be legal dependents."

dent upon the deceased employee.[3]

Award set aside.

LIVERMORE, C.J., and DRUKE, J., concur.

---

**3.** Although there has been some question as to the situations under which subsection B would still apply, *Diesel Drivers v. Industrial Commission,* 122 Ariz. 184, 189, 593 P.2d 934, 939 (App.), *affirmed,* 122 Ariz. 116, 593 P.2d 670 (1979), it "contains provisions relating to partial dependency for those who are not 'conclusively presumed to be totally dependent' under A.R.S. § 23–1064." *Fish v. Industrial Commission,* 12 Ariz.App. 486, 491, 472 P.2d 97, 102 (1970).

